JOURNAL ENTRY AND OPINION
Timothy Nash, petitioner, commenced this habeas action against respondent, Gerald T. McFaul. Petitioner is asking for an immediate order for respondent to show cause where relator has been held in Cuyahoga County Justice Center without real cause as a result of testimony/hearsay without substantial credible . . . evidence by the City of East Cleveland (sic). On July 2, 2002, the respondent, through the Cuyahoga County Prosecutor, filed a response asking this court to deny the petition. For the following reasons, we deny the petition for a writ of habeas corpus.
The basis of petitioner's argument is the matter should not have been presented to the county because the State of Ohio failed to establish an owner of the purported stolen property during the preliminary hearing. A review of the record indicates that the petitioner was indicted by the Cuyahoga County Grand Jury on June 18, 2002 for one count of receiving stolen property. The general rule is that a subsequent indictment by the grand jury renders any defects in the preliminary hearing moot. State v. Washington (1986), 30 Ohio App.3d 98, 99, 506 N.E.2d 1203. See, also, State ex rel. Jenkins v. McFaul (Apr. 23, 1998), Cuyahoga App. No. 74047; State ex rel. Jerningham v. McFaul (Dec. 17, 1998), Cuyahoga App. No. 75587. Moreover, questions of proof are not cognizable in a habeas corpus proceeding. Spence v. Sacks, Warden (1962), 173 Ohio St. 419,183 N.E.2d 363.
Additionally, the petitioner failed to support his complaint with an affidavit specifying the details of the claim as required by Loc.R. 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899. The submitted affidavit is also not verified. Chari v. Vore, 91 Ohio St.3d 323, 2001-Ohio-1972, 744 N.E.2d 763.
We also note that petitioner has failed to comply with R.C. 2969.25
which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. State ex rel. Zanders v. Ohio Parole Board,82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594; State ex rel. Alford v. Winters, 80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242. In Re: Woods (Apr. 26, 2001), Cuyahoga App. No. 79467, unreported, at 1-2, quoted in Clark v. State (May 17, 2001), Cuyahoga App. No. 79584, unreported (dismissing a petition in habeas corpus sua sponte for failing to: attach the cause of detention; support the petition with an affidavit complying with Loc.App.R. 45(B)(1)(a); and comply with R.C. 2969.25). Nash's failure to comply with R.C. 2969.25 and Loc.App.R. 45(B)(1)(a) are sufficient basis for dismissing the petition.
Accordingly, the petition for a writ of habeas corpus is denied. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
JAMES D. SWEENEY, P.J., and ANN DYKE, J., CONCUR.