JOURNAL ENTRY AND OPINION
{¶ 1} On March 31, the relator, William Horton, commenced this mandamus action against the respondents the State of Ohio, the Ohio Department of Rehabilitation and Corrections, the Sentence Computations Bureau, the Northcoast Correctional Treatment Facility and the Cuyahoga County Sheriff's Department. The gravamen of Mr. Horton's complaint is that because in the underlying case, State of Ohio v. William Horton,
Cuyahoga County Common Pleas Court Case No. CR. 413149, the trial court had recently granted him an additional eighteen days of jail time credit, he seeks to ensure that the prison bureaucracy actually credits him this time before his prison term expires. Thus, he seeks to compel the respondents to credit the time to him and pursuant to R.C. 149.43, the Ohio Public Records Act, to have the respondents produce the amended records showing that the additional time has been granted and that his release date has been correctly recalculated.
 {¶ 2} On April 11, 2003, the State of Ohio respondents, through the Ohio Attorney General, moved for summary judgment on the grounds of mootness. Attached to the dispositive motion is a Bureau of Sentence Computation "Inmate Information Display" sheet, which shows that Mr. Horton has received the additional eighteen days of jail time credit with a corresponding earlier release date.[1] Furthermore, the display sheet itself satisfies the public records request.
 {¶ 3} Mr. Horton never filed a response to the motion for summary judgment. Accordingly, Mr. Horton's claims are moot, and the court grants the motion for summary judgment.
 {¶ 4} Moreover, Mr. Horton's complaint is procedurally defective. First, the petition is defective because it is improperly captioned. Mr. Horton styled this petition as "State of Ohio v. William Horton — Motion for writ of mandamus Motion to compel." R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for dismissing the petition. Maloney v. Court of Common Pleas of Allen County (1962),173 Ohio St. 226, 181 N.E.2d 270. Moreover, the failure to caption the case correctly creates uncertainty as to the identity of the respondent. This court has held that this deficiency alone also warrants dismissal.State ex rel. Larry Calloway v. Court of Common Pleas of Cuyahoga County
(Feb. 27, 1997), Cuyahoga App. No. 71699; State ex rel. Samuels v.Municipal Court (Nov. 22, 1994), Cuyahoga App. No. 67762; and State exrel. White v. Villanueva (Oct. 6, 1993), Cuayhoga App. No. 66009. Additionally, mandamus may not be commenced by motion. Myles v. Wyatt
(1991), 62 Ohio St.3d 191, 580 N.E.2d 1080.
 {¶ 5} Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077 and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
 {¶ 6} The relator has also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. The relator's failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zandersv. Ohio Parole Board, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594
and State ex rel. Alford v. Winters, 80 Ohio St.3d 285, 1997-Ohio-117,685 N.E.2d 1242.
 {¶ 7} Accordingly, the court dismisses the writ. Costs assessed against the relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
FRANK D. CELEBREZZE, JR., P.J., AND SEAN C. GALLAGHER, J., CONCUR.
[1] Originally, Mr. Horton had received fifty-seven days of jail time credit. The additional eighteen days increase the credit to seventy-five days; the display sheet stated that Mr. Horton has seventy-five days of jail time credit.