OPINION
Howard A. Lee is appealing from the dismissal by the trial court of his complaint for declaratory judgment and injunctive relief.
According to his complaint, Lee was indicted in 1989 by a grand jury for aggravated murder with a gun specification. In January, 1990, Lee entered into a plea agreement, wherein the State agreed to drop its aggravated murder charge and accept a plea of guilty by Lee to involuntary manslaughter with a firearm specification. Lee also agreed to waive his right to a jury trial. The plea agreement was accepted by the trial court, and Lee was sentenced to a term of 9 to 25 years indeterminate, with a two-year actual incarceration for the gun specification consecutive to the indeterminate sentence.
On March 1, 1998, the Ohio Adult Parole Authority (the "Authority"), which is a division of the Ohio Department of Rehabilitation and Correction (the "Department") issued a parole guidelines manual which consisted of a grid in which to place offenders in certain categories when they come up for parole.
When Lee came up for a hearing on October 21, 1998, before the Authority, Lee's plea agreement was ignored, and the Authority placed him in the category for aggravated murder, rather than in the category of involuntary manslaughter. The result of which is that Lee would be required to serve 30 years to life instead of 9 to 11 years before he would be eligible for consideration of parole. We note that he has served approximately 10 years already.
Lee filed his complaint for declaratory judgment that the State, including the Department and the Authority, are bound by the plea agreement in asking the court to enjoin the State to comply with the terms of the plea agreement and place him in the offense category for involuntary manslaughter. Both the Authority and the Montgomery County Prosecutor's Office[1] were named as defendants and both filed motions for summary judgment. The trial court duly filed a decision and entry finding both the motions to be well taken and dismissing the complaint. Lee has timely filed an appeal.
As noted by Lee in his reply brief, this court has already considered and resolved this issue. This court ruled on January 21, 2000, that the Authority, as an administrative agency of the State, is bound by the plea agreement Lee made with the Montgomery County Prosecutor's Office. Randolph v. Ohio Adult ParoleAuthority (Jan. 21, 2000), Miami App. No. 99 CA 17, unreported. To paraphrase Gertrude Stein, "a contract is a contract is a contract"[2] and the justice system exists, at least in part, to enforce them. Accordingly, we would sustain Lee's two assignments of error, which raise the single issue of the court's dismissal of his complaint. Unfortunately for Lee, we cannot accord him this relief he seeks on this appeal in this case.
The problem is that Lee did not comply with all of the requirements of R.C. 2969.25(C), which provides:
 If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
 (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
 (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.
The statute essentially sets forth three requirements an inmate must meet to file an action against a government entity or employee without paying the full filing fee, to-wit:
 (1) A statement of the balance in the inmate's account for each of the preceding six months.
 (2) The statement must be certified by the institutional cashier.
 (3) A statement setting forth all other cash and "things of value" owned by the inmate.
Lee did meet the third requirement, but he did not meet the first or second. He filed a form signed and notarized by him which contained only the balance in his account as of May 11, 1999, the week preceding the filing of his complaint. He is required by the statute to set forth his balance at the end of the preceding six months, which would have been April, March, February, January of 1999, and December and November of 1998. Lee did not meet his second requirement because his statement was not certified by the cashier. Lee made only a statement that his account balance was verified by the cashier. That is not a certificate by the cashier as such. The certificate must be signed directly by the cashier and not simply alleged by Lee. The form Lee signed is insufficient, and we trust it will be correctly modified.
While we cannot afford Lee his relief on this appeal, we would think that the Authority will bow to the inevitable and correct Lee's offense category to the one the State has agreed to, that is, "involuntary manslaughter," rather than requiring Lee to go around the track another time by filing a second complaint for declaratory judgment and injunctive relief and, next time, comply with the requirements of the statute. The Ohio Supreme Court has held that compliance with the requirements of the statute is mandatory. State ex rel Alford v. Winters (1997), 80 Ohio St.3d 285;State ex rel Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421.
We, therefore, must affirm the judgment of the trial court, although not for the reasons it stated. Hopefully, Lee will find the relief he is entitled to by administrative action of the Authority.
The judgment is affirmed.
WOLFF, J. and FAIN, J., concur.
[1] We note, in passing, the dilemma facing the Prosecutor's Office. If the action of the Authority is sanctioned, then plea bargaining will be a thing of the past in Ohio, at least as to defendants facing incarceration in prison. We need not dwell on the ramifications to the criminal justice system in Ohio if such comes to pass. It would likely be choked to a standstill. Yet, the Prosecutor's Office feels obliged to defend both it and the Authority on the issue.
[2] Sacred Emily (1913).