OPINION
Petitioner Frank L. Carter ("Carter") brings this appeal from the judgment of the Court of Common Pleas of Marion County dismissing his motion for a writ of habeas corpus.
On July 10, 1994, Carter pled guilty to one count of having a weapon under a disability and one count of drug abuse. He was sentenced to eighteen months in prison on the drug charge and three to five years in prison for the weapons charge. The trial court ordered the sentences to be served consecutively. On May 8, 1998, Carter appeared before the Ohio Adult Parole Authority ("APA") for a parole hearing. The APA denied parole. Carter then requested the date for his "half-time review" as set forth in APA regulation 5120:1-1-20. At that time, Carter was informed that the regulation had been changed and "half-time reviews" were no longer being held.
On January 21, 2000, Carter filed a complaint for a writ ofhabeas corpus, claiming that the APA had violated his constitutional rights. The State filed a motion to dismiss the complaint on February 23, 2000. On April 3, 2000, Carter filed a memorandum contra to the State's motion. The trial court granted the motion to dismiss on May 11, 2000. It is from this judgment that Carter appeals.
Carter asserts the following assignments of error:
 The trial court erred by dismissing appellant's petition for a writ of habeas corpus on the basis that a writ of habeas corpus may only be used to challenge the jurisdiction of the sentencing court, and inferring by stating that a direct appeal and/or post-conviction petition are potential avenues for relief in appellant's case.
 The trial court erred by dismissing appellant's petition for a writ of habeas corpus on the basis that appellant failed to provide a detailed list of all lawsuits he has filed in the previous five years under [R.C. 2969.25] when appellant is not required to do so under said section if he has not filed any previous lawsuits in the stated five year period.
 The trial court erred by dismissing appellant's petition for a writ of habeas corpus on the basis that appellant had other alleged adequate, alternative remedies available to him when appellant clearly showed that a petition for a writ of habeas corpus is the only adequate remedy available to him that would provide the appropriate relief appellant is entitled to by law.
 The trial court erred when it dismissed appellant's petition for a writ of habeas corpus on the basis that a due process violation during a parole review is not a cognizable claim for habeas corpus relief when such violations are cognizable claims for habeas corpus relief.
 In the second assignment of error, Carter argues that the trial court should not have dismissed his complaint for failure to comply with R.C. 2969.25. R.C. 2969.25 states in pertinent part:
 At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court.
 R.C. 2926.25(A) (emphasis added). Carter claims that since he has not filed any prior actions within the previous five years, he is not required to file the affidavit. However, the Ohio Supreme Court has held that failure to comply with the requirements of R.C. 2926.25 is grounds for dismissal of a writ of habeas corpus. State ex rel. Zanders v. Ohio Parole Board
(1998), 82 Ohio St.3d 421, 696 N.E.2d 594. The statute does not provide an exception to this requirement if there are no prior actions. Rather, the inmate should then file an affidavit that no prior actions have been filed in the previous five years. Without this affidavit, the trial court did not err by dismissing the complaint. The second assignment of error is overruled.
Since the trial court had proper grounds for dismissing the complaint, the other assignments of error need not be addressed. The judgment of the Court of Common Pleas of Marion County is affirmed.
SHAW and WALTERS, JJ., concur.