JOURNAL ENTRY AND OPINION
On September 19, 2001, the relator, William Ewell, commenced this mandamus action against the respondent, the Cuyahoga County Common Pleas Court, to compel the court to rule on the "Motion to merge allied offense pursuant to Ohio Revised Code 2941.25" which he filed on March 30, 2001, in the underlying cases, State of Ohio v. William Ewell, Cuyahoga County Common Pleas Court Case Nos. CR-348080 and CR-348081. On September 25, 2001, the respondent moved for summary judgment on the grounds of mootness. Attached to the dispositive motion was a copy of a certified journal entry, time-stamped June 8, 2001, which denied the motion to merge allied offenses in Case No. CR-348080. Mr. Ewell never filed a response. For the following reasons, this court grants the respondent's motion for summary judgment and denies the application for a writ of mandamus.
This matter is moot. The attachment to the summary judgment motion and a review of the dockets in the underlying cases establish that the court has fulfilled its duty by ruling on the subject motions. Mr. Ewell has received his requested relief, a disposition on his motions.
Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Loc.R. 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported. Mr. Ewell has also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. The relator's failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus.State ex rel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421,696 N.E.2d 594 and State ex rel. Alford V. Winters (1997),80 Ohio St.3d 285, 685 N.E.2d 1242.
Accordingly, the court grants the respondent's motion for summary judgment and denies the writ. Costs assessed against the relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
DIANE KARPINSKI, A.J. and COLLEEN CONWAY COONEY, J., CONCUR.