This case involves an appeal to this court from the Mahoning County Court of Common Pleas and a subsequent motion to dismiss that appeal. Plaintiff-Appellant, Donald Harman (hereinafter "Harman"), appeals the decision of the Mahoning County Court of Common Pleas to dismiss his claim against Defendant-Appellee, Randall Wellington (hereinafter "Wellington"). For the following reasons, we dismiss Harman's appeal.
Harman was incarcerated in the Belmont Correctional Institution in St. Clairsville, Ohio. On July 10, 2000, Harman filed a pro-se complaint wherein he alleged Wellington, the Sheriff of Mahoning County: 1) refused to mail certain legal documents for Harman; 2) sent copies of a sworn affidavit to an improper person; 3) did not allow Harman access to a law library or other legal materials; 4) committed cruel and unusual punishment, and; 5) committed other various wrongs. On August 21, 2000, Wellington filed a Motion to Dismiss pursuant to Civ.R. 12(B)(6) due to Harmen's failure to comply with R.C. 2969.25. On November 1, 2000, the trial court granted that motion and dismissed the case. It is from this judgment which Harman timely appealed.
On appeal, all parties fully briefed the matter. On September 4, 2001, Wellington filed a Motion to Dismiss Appeal, arguing Harman has failed to comply with R.C. 2969.25. Harman answered this motion on September 18, 2001, arguing he complied with R.C. 2969.25 as best he could and to dismiss his appeal would deny him due process and equal protection.
Since Harman is an inmate who is appealing a civil case against a government employee, his appeal must comply with R.C. 2969.25.
 "At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
 (1) A brief description of the nature of the civil action or appeal;
 (2) The case name, case number, and the court in which the civil action or appeal was brought;
 (3) The name of each party to the civil action or appeal;
 (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.
* * *
 (C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
 (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
 (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.
 The requirements of R.C. 2969.25 are mandatory. See State ex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421, State ex rel. Alford v. Winters
(1997), 80 Ohio St.3d 285. An inmate-plaintiff's "best recollection" is insufficient because R.C. 2969.25
demands strict compliance. In both Zanders and Alford, the petitioners were pro-se litigants. The court did not afford them any leeway in applying the mandates of R.C. 2969.25.
In his attempt to comply with R.C. 2969.25(A), Harman has filed an "Affidavit of Verity" wherein he lists "to the best of [his] ability" a list of eleven civil cases he has filed within the last five years. However, Wellington points out, and this court has verified, that Harman has filed an additional seven cases which he did not list. In addition, the information which Harman supplies about each of his previous civil cases is insufficient under R.C. 2969.25(A). Harman, in most of his descriptions of those previous cases, does not supply this court with the case names, the court in which each case was brought, the parties to each case, or the outcomes of those actions. This simply does not comply with R.C. 2969.25(A).
In addition, Harman has filed a motion to proceed in forma pauperis. However, his Affidavit of Indigency does not comply with R.C. 2969.25(C). Harman does not provide a statement which sets forth the balance of his inmate account for the proceeding six months. His appeal was filed on November 20, 2000. Therefore, that statement must cover the period between May 20, 2000, and November 20, 2000. The statement he provides covers November 30, 1999, through June 14, 2000. Plainly, this does not comply with R.C. 2969.25(C).
Because Harman has failed to comply with the requirements of R.C.2969.25, Wellington's Motion to Dismiss Appeal is granted.
Donofrio, J., Concurs.
Waite, J., Concurs.