DECISION
Relator, Jeff A. Womack, has filed this original action seeking a writ of mandamus compelling respondent Ohio Adult Parole Authority to correct the number of days to be credited against his sentence as time served. Relator is incarcerated at the Allen Correctional Institution.
Pursuant to Civ.R. 53(C) and Loc.R. 12, Section (M), of the Tenth District Court of Appeals, this case was referred to a magistrate of this court to conduct appropriate proceedings. The magistrate has rendered a decision, recommending a sua sponte dismissal of relator's complaint. There have been no objections filed to the magistrate's decision.
The magistrate has appropriately concluded relator's failure to comply with both R.C. 2969.25(A) and 2969.25(C), compels a dismissal of the case because such compliance is mandatory and a failure to comply is grounds for dismissal. State ex rel. Washington v. Ohio Adult Parole Auth. (1999), 87 Ohio St.3d 258.
A review of the magistrate's decision and independent review of the file reveals there is no error of law or other defect on the face of the magistrate's decision and therefore, the court adopts the magistrate's decision as its own. Therefore, this case is dismissed.
Case dismissed.
BOWMAN and LAZARUS, JJ., concur.
 APPENDIX A IN MANDAMUS ON SUA SPONTE MOTION TO DISMISS
This original action was brought by Jeff A. Womack, relator, seeking a writ compelling respondent, the Ohio Adult Parole Authority, to correct the number of days to be credited against his sentence as time served. For the reasons set forth below, the magistrate recommends that the court dismiss the complaint sua sponte for failure to comply with R.C. 2969.25.
Procedural History:
1. According to the complaint, relator is incarcerated in Lima, Ohio, at the Allen Correctional Institution.
2. In his complaint, relator names state officials as the respondent.
Conclusions of Law:
The magistrate recommends that the present action be dismissed sua sponte. Relator has not paid filing fees, nor has he fulfilled the requirements set forth in R.C. 2969.25 for payment of fees in installments from his inmate account. In addition, relator has not complied with other requirements of R.C. 2969.25.
R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a state governmental entity or employee, an affidavit listing each civil action or appeal that he filed in the past five years, providing specific information regarding each civil action or appeal. In the present action, relator has not filed the required affidavit.
In regard to filing fees, R.C. 2969.25(C) and 2969.22 distinguish between paying the full amount of filing fees upon filing ("prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison. Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on the grounds of indigency must file an affidavit that includes: (1) a statement of the amount in his inmate account for the preceding six months as certified by the institutional cashier; and (2) a statement of all other cash and things of value owned by the inmate. Relator has not filed the cashier's statement.
Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. State ex rel. Washington v. Ohio Adult Parole Auth. (1999),87 Ohio St.3d 258; State ex rel. Zanders v. Ohio Parole Bd. (1998),82 Ohio St.3d 421; State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285.
In the present action, relator has not filed the required affidavit regarding his other civil actions, if any. In addition, he has not paid filing fee or qualified for delayed payment of fees in installments from his prison account. The magistrate, therefore, recommends that the present action be dismissed sua sponte.