DECISION
{¶ 1} Relator, Charles Grimmett, Jr., has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, Jennifer L. Brunner, a Judge of the Franklin County Court of Common Pleas, to rule on his petition for post-conviction relief.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) Respondent filed a motion to dismiss which the magistrate decided should be granted.
 {¶ 3} No objections have been filed to the magistrate's decision. Upon a review of the magistrate's decision and an independent review of the record, this court adopts the magistrate's decision as its own and this matter is dismissed for relator's failure to comply with R.C. 2969.25.
Action dismissed.
KLATT and WATSON, JJ., concur.
DECISION IN MANDAMUS ON MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT {¶ 4} In this original action, Charles Grimmett, Jr., relator, seeks a writ compelling Jennifer L. Brunner, a judge of the Franklin County Court of Common Pleas, to rule on relator's petition for post-conviction relief. For the reasons set forth below, the magistrate recommends that this court grant the motion to dismiss filed January 24, 2003. In the alternative, the magistrate recommends that the court grant the motion for summary judgment filed January 23, 2003, on the grounds that reasonable minds could reach but one conclusion, that the complaint is moot.
Procedural History:
 {¶ 5} 1. According to the present complaint filed December 19, 2002, relator is incarcerated in Ohio at the Southeastern Correctional Institution.
 {¶ 6} 2. In his complaint, relator files suit against a state official.
 {¶ 7} 3. Relator alleges that he filed a petition for post-conviction relief and that respondent has failed to rule on it within the time allowed by law.
 {¶ 8} 4. On January 23, 2003, respondent filed a motion for summary judgment, stating that, although a decision was rendered on relator's motion, the decision was not journalized in an entry until January 22, 2003. Respondent attached a copy of the entry as an exhibit to the motion for summary judgment.
 {¶ 9} 5. On January 24, 2003, respondent filed a motion to dismiss.
Conclusions of Law:
 {¶ 10} First, the magistrate recommends that the present action be dismissed. Relator has not paid filing fees, nor has he fulfilled the requirements set forth in R.C. 2969.25 for payment of fees from his inmate account in installments.
 {¶ 11} In regard to filing fees, R.C. 2969.25(C) permits an inmate to pay fees via periodic deductions from the inmate's account maintained by the prison. Under R.C. 2969.25(C), an inmate who seeks waiver of full payment upon filing must file: (1) a statement of the amount in his inmate account for the preceding six months as certified by the institutional cashier; and (2) an affidavit of all other cash and things of value owned by the inmate. Relator has not filed the cashier's statement.
 {¶ 12} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal. State ex rel. Washington v. Ohio Adult Parole Auth. (1999),87 Ohio St.3d 258; State ex rel. Zanders v. Ohio Parole Bd. (1998),82 Ohio St.3d 421. Therefore, the magistrate concludes that this action must be dismissed for noncompliance with R.C. 2969.25.
 {¶ 13} Second, a review of the evidence attached to the motion for summary judgment demonstrates that the entry sought in the complaint has been entered by respondent. Therefore, the complaint is moot.
 {¶ 14} Accordingly, the magistrate recommends that this court grant the motion to dismiss filed January 24, 2003, or, in the alternative, grant the motion for summary judgment filed January 23, 2003.