OPINION.
{¶ 1} Plaintiff-appellant, Leslie R. Hall, brings this appeal from a November 18, 2002 entry of the Marion County Common Pleas Court, dismissing his action against Defendant-Appellee, Christine Money, for failure to comply with R.C. 2969.25(A) and (C).
 {¶ 2} Hall is an inmate at the Marion Correctional Institute. On October 9, 2002, Hall was placed on disciplinary control for disobeying a direct order when he failed to stand during the routine 4:00 p.m. standing count at the Marion prison. As a result of the incident, Hall was placed in disciplinary control for six (6) days. At the same time, Hall was also issued a "conduct report" for possession of contraband. The contraband consisted of some of Hall's personal items found within his prison cell that would not fit in his 2.4 cubic foot box, as required by prison regulations. Among the items taken from Hall's cell by prison personnel was a law dictionary, a case citing journal, and several commissary food items.
 {¶ 3} On October 16, 2002, Hall was found guilty, by prison officials, of possessing contraband. On October 17, 2002, Hall was issued another conduct report for refusing to sign the "cash slip" so that the contraband items could be sent to his home. As a result of Hall's refusal, the items of contraband were then confiscated by prison officials.
 {¶ 4} On October 30, 2002, Hall submitted a "petition for restraining order for prevention loss of property motion for forfeiture hearing" to the Marion County Common Pleas Court in what appellant claims was an attempt to trigger a "forfeiture hearing" and to regain his confiscated property. On November 18, 2002, however, the trial court sua sponte dismissed said petition for failure to comply with the requirements of R.C. 2969.25(A) and (C).
 {¶ 5} It is from this judgment that Hall now appeals, setting forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The common pleas court erred when it dismissed appellant's petitionunder R.C. 2969.25(A) and (C) and construed [sic] petition as a civilremedy rather than criminal.
 {¶ 6} On January 28, 2002, the trial court dismissed Hall's petition for failure to "comply with the requirements of R.C. 2969.25(A) and (C)." See State ex rel. Zanders v. Ohio Parole Bd. 82 Ohio St.3d 421,422; State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285, 286. In short, R.C. 2969.25(A) and (C) provide that an inmate who commences a civil action or appeal against a government entity or employee shall file an affidavit with the court containing a description of each civil action or appeal that the inmate has filed in any state or federal court in the previous five years and, if the complainant seeks a waiver of prepayment of filing fees, an affidavit of indigency. See R.C. 2969.25.
 {¶ 7} In the case sub judice, it is uncontroverted that Hall failed to file either of the two affidavits required by R.C. 2969.25(A) and (C). However, Hall argues that this failure should be excused because the proceeding he attempted to initiate below was not a "civil action or appeal," and therefore, R.C. 2969.25 is inapplicable to his petition. Hall maintains that the appellee's taking of his property amounts to a violations of R.C. 2913.02(B)(3), theft from a "disabled adult," and accordingly, his petition should have been construed as a "criminal complaint." Hall, therefore, prays this court to remand his petition to the trial court so that it may be determined upon its merits.
 {¶ 8} The appellant's argument is not well taken. There is nothing in the record to indicate that the petition filed by appellant is a criminal complaint. Although the appellant makes reference to "criminal conduct" by prison officials, no criminal charges were filed by Hall, and therefore, that matter was not before the trial court. The petition filed in the trial court was a civil action, and as such, Hall was required to meet the mandates of R.C. 2969.25(A) and (C).
 {¶ 9} Accordingly, Hall's assignment of error is overruled.
 {¶ 10} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., and WALTERS, J., concur.