DECISION
{¶ 1} Relator, Shawn F. Fleming ("relator"), an inmate at the London Correctional Institution in London, Ohio, commenced this original action requesting this court to issue a writ of mandamus enjoining the Ohio Adult Parole Authority ("APA"), and the Ohio Adult Parole Board ("APA Board"), from placing him on post-release control after the expiration of his sentence.
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including a procedural factual history and conclusions of law. (Attached as Appendix A.) The magistrate determined that relator had failed to pay the mandatory filing fee or to qualify for waiver of the fee by providing an affidavit which included information regarding his inmate account for the proceeding six months, as certified by the institutional cashier, and a statement of all other cash and things of value owned by the inmate. Therefore, the magistrate recommended sua sponte dismissal of this case for failure of relator to comply with R.C. 2969.22 and 2969.25(C).
 {¶ 3} No objections have been filed to the magistrate's decision.
 {¶ 4} Finding no error of law or other defect on the face of the magistrate's decision, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law therein. In accordance with the magistrate's decision, relator's requested writ of prohibition is sua sponte dismissed.
Writ of prohibition dismissed.
French and Travis, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Shawn F. Fleming, : :
Relator, : :
v. : No. 03AP-1061 :
Ohio Adult Parole Authority : (REGULAR CALENDAR) Ohio Adult Parole Board, : :
Respondents. : :
 MAGISTRATE'S DECISION Rendered on November 14, 2003 Shawn F. Fleming, pro se.
 IN PROHIBITION ON SUA SPONTE MOTION TO DISMISS {¶ 5} This original action was brought by Shawn F. Fleming, relator, seeking a writ enjoining the Ohio Adult Parole Authority ("APA") and the Ohio Adult Parole Board ("APA Board") from placing him on post-release control after the expiration of his sentence in 2005. For the reasons set forth below, the magistrate recommends that the court dismiss the complaint sua sponte for failure to pay filing fees or to qualify for installment payments from his inmate account.
Procedural History:
 {¶ 6} 1. According to the complaint in prohibition filed October 23, 2003, relator is incarcerated at the London Correctional Institution in London, Ohio.
 {¶ 7} 2. In his complaint, relator named state officials as respondents.
 {¶ 8} 3. Relator alleges that his sentence expires in June 2005, at which time respondents, pursuant to R.C. 2967.28, will impose a five-year period of post-release control, which is unauthorized because neither his attorney nor the trial court informed him of any post-release sanction.
Conclusions of Law:
 {¶ 9} The magistrate recommends that the present action be dismissed. Relator has not paid filing fees nor fulfilled the requirements for paying fees from his inmate account in installments. R.C. 2969.25(C) and 2969.22 distinguish between paying filing fees upon filing and paying them pursuant to periodic deductions from the inmate's account maintained by the prison. Under R.C. 2969.25(C), an inmate who seeks waiver of payment upon filing must file an affidavit that includes (1) A STATEMENT OF THE AMOUNT IN HIS INMATE ACCOUNT FOR THE preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate. Here, relator has not provided an affidavit regarding his inmate account as certified by the cashier.
 {¶ 10} Because relator has not paid filing fees nor qualified for payments from his prison account, this action must be dismissed. See, generally, State ex rel. Washington v. OhioAdult Parole Auth. (1999), 87 Ohio St.3d 258; State ex rel.Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421. However, the magistrate believes that a dismissal for nonpayment of filing fees is not a dismissal on the merits. Accordingly, if relator refiles his complaint with the required affidavits, he may qualify for delayed payment of fees under R.C. 2969.25.