DECISION
{¶ 1} In this original action, relator, Willie K. Crowder, Jr., seeks a writ of mandamus compelling respondent, the State of Ohio, to release him from the correctional institution where he is incarcerated following a criminal conviction.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision that recommends sua sponte dismissal of this case for failure of relator to comply with the mandatory requirements of R.C.2969.25(A) and 2969.25(C). (Attached as Appendix A.)
 {¶ 3} Pursuant to R.C. 2969.25(A), an inmate of a correctional institution who files a civil action against the State of Ohio must, at the time of filing, provide an affidavit listing each civil action or appeal of a civil action that the inmate filed in the last five years. Pursuant to R.C. 2969.25(C), an inmate of a correctional institution who seeks waiver of prepayment of filing fees on the grounds of indigency must, at the time of the filing of the civil action, file an affidavit that includes a statement of the amount contained in his inmate account for the preceding six months, as certified by the institutional cashier and a statement of all other cash and things of value owned by the inmate. Relator failed to comply with the foregoing statutes. Hence, the magistrate recommended dismissal of relator's complaint. No objection has been filed to the magistrate's decision.
 {¶ 4} Pursuant to Civ.R. 53(E)(4), the court conducted a full review of the magistrate's decision. The court finds that there is no error of law or other defect upon the face of the decision. Therefore, the court adopts the magistrate's decision. This case is dismissed, sua sponte, for failure to comply with the mandatory requirements of R.C. 2969.25.
Case dismissed.
Sadler and French, JJ., concur.
 (APPENDIX A) IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
[State ex rel.] Willie K. Crowder, Jr., : :
Relator, : v. : No. 03AP-1087 :
The State of Ohio, : (REGULAR CALENDAR) :
Respondent. :
 MAGISTRATE'S DECISION Rendered on November 24, 2003 Willie K. Crowder, Jr., pro se.
 IN HABEAS CORPUS ON SUA SPONTE DISMISSAL {¶ 5} This original action was brought by Willie K. Crowder, Jr., relator, seeking a writ of mandamus ordering the State of Ohio to release him from the correctional institution where he is incarcerated. For the reasons set forth below, the magistrate recommends sua sponte dismissal for failure to comply with R.C.2969.25 and for other reasons.
Procedural History:
 {¶ 6} 1. Relator is incarcerated and has brought this action against the state of Ohio.
Conclusions of Law:
 {¶ 7} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against the state, an affidavit listing each civil action or appeal of a civil action that he filed in the past five years, providing certain information regarding each civil action/appeal.
 {¶ 8} In regard to the payment of filing fees, R.C.2969.25(C) and 2969.22 distinguish between paying the full amount of fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison. Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment of filing fees on the grounds of indigency must file an affidavit that includes: (1) a statement of the amount in his inmate account for the preceding six months as certified by the institutional cashier; and (2) a statement of all other cash and things of value owned by the inmate.
 {¶ 9} Compliance with the provisions of R.C. 2969.25 is mandatory, and the failure to satisfy the statutory requirements is grounds for dismissal of the action. State ex rel. Washingtonv. Ohio Adult Parole Auth. (1999), 87 Ohio St.3d 258; State exrel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421.
 {¶ 10} In the present action, relator did not file an affidavit describing each civil action or appeal of a civil action that he has filed in the previous five years. In addition, relator did not provide a statement of his inmate account for the preceding six months, certified by the institutional cashier. Accordingly, dismissal of the action is warranted.
 {¶ 11} For the foregoing reasons, the magistrate recommends that this court dismiss the present action based on relator's failure to comply with R.C. 2969.25.