DECISION
{¶ 1} Relator, Gene Thomas Laws, filed this original action requesting that this court issue a writ of mandamus ordering respondents, Ohio Department of Rehabilitation and Correction, Reginald Wilkinson, and Mickey Rigsby, to re-compute his earned days of credit.
 {¶ 2} This court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court dismiss this action. (Attached as Appendix A.) No objections to that decision have been filed.
 {¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, this action is dismissed.
Action dismissed.
Klatt, P.J., and Bryant, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : Gene Thomas Laws, : :
Relator, : :
v. : No. 06AP-3 :
Ohio Department of Rehabilitation: (REGULAR CALENDAR) and Correction et al., : :
Respondents. : :
 MAGISTRATE'S DECISION Rendered on January 18, 2006 Gene Thomas Laws, pro se.
Jim Petro, Attorney General, for respondents.
 IN MANDAMUS ON SUA SPONTE DISMISSAL {¶ 4} Relator, Gene Thomas Laws, has filed this original action requesting that this court issue a writ of mandamus ordering respondents Ohio Department of Rehabilitation and Correction ("ODRC"), Reginald A. Wilkinson, as Director of ODRC and Mickey Rigsby, Chief of the Bureau of Sentence Computation ODRC to re-compute his earned days of credit due to his participation in the Hocking Technical College, for a total of at least 50 earned days of credit as of December 4, 2004.
Findings of Fact:
 {¶ 5} 1. Relator is an inmate currently incarcerated at the Pickaway Correctional Institution.
 {¶ 6} 2. On January 3, 2006, relator filed this original action against a government entity or employee.
 {¶ 7} 3. Relator has not filed the affidavit required by R.C.2969.25(C) and has failed to attach a statement of the amount in his inmate account for the preceding six months as certified by the institutional cashier and a statement of all other cash and things of value owned by the inmate.
 {¶ 8} 4. Relator has not filed the affidavit required by R.C.2969.25(A) requiring that he list any prior civil actions or appeals that he may have filed in the preceding five years.
Conclusions of Law:
 {¶ 9} It is the magistrate's decision that this court sua sponte dismiss this action on grounds that relator has failed to comply with the mandatory filing requirements set forth in R.C.2969.25 concerning payment of fees from his inmate account and his failure to comply with the mandatory filing requirements sets forth in R.C. 2969.25(A).
 {¶ 10} In regard to filing fees, R.C. 2969.25(C) and 2969.22
distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison. Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on the grounds of indigency must file an affidavit that includes: (1) a statement of the amount in his inmate account for the preceding six months as certified by the institutional cashier; and (2) a statement of all other cash and things of value owned by the inmate. Relator has failed to file the fees in this matter and, although he has filed an affidavit of indigency, relator has failed to attach a statement certified by the institutional cashier setting forth the balance in his inmate account for each of the preceding six months.
 {¶ 11} In addition, R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a governmental entity or employee, an affidavit listing each civil action or appeal of a civil action that he filed in the past five years, providing specific information regarding each civil action or appeal. Compliance with the provisions of R.C. 2969.25(A) is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. State ex rel. Washingtonv. Ohio Adult Parole Auth. (1999), 87 Ohio St.3d 258; State exrel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421;State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285.
 {¶ 12} In the present case, relator has failed to file the required affidavit regarding his other civil actions, if any, and has failed to pay the filing fees or qualify for delayed payment. As such, dismissal of his complaint is warranted.
 {¶ 13} Relator's failure to comply with the mandatory filing requirements constitutes grounds for dismissal of the instant mandamus action. Accordingly, it is the magistrate's decision that this court sua sponte dismiss this action.