DECISION
{¶ 1} Relator, Bruce Winston, an inmate of the Chillicothe Correctional Institute, has filed this original action requesting that this court issue a writ of procedendo against the State of Ohio, respondent. Respondent has filed a motion to dismiss.
 {¶ 2} This matter was referred to a magistrate of this court, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court dismiss relator's request for a writ of procedendo. (Attached as Appendix A.) No objections have been filed to that decision.
 {¶ 3} As there have been no objections filed to the magistrate's decision, and it contains no error of law or other defect on its face, based upon an independent review of the evidence, this court adopts the magistrate's decision. Respondent's motion to dismiss relator's request for a writ of procedendo is granted.
Action dismissed.
Sadler and French, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
[State ex rel.] Bruce Winston, : :
Relator, : :
v. : No. 06AP-170 :
: State of Ohio, : :
Respondent. :
 MAGISTRATE'S DECISION Rendered on July 11, 2006 Bruce Winston, pro se.
Ron O'Brien, Prosecuting Attorney, and Victor N. Magary,
for respondent.
 IN PROCEDENDO ON RESPONDENT'S MOTION TO DISMISS {¶ 4} In this original action, relator, Bruce Winston, an inmate of the Chillicothe Correctional Institution ("CCI") requests that a writ of procedendo issue against respondent, State of Ohio.
Findings of Fact:
 {¶ 5} 1. On February 23, 2006, relator, Bruce Winston, a CCI inmate, filed this original action against a governmental entity.
 {¶ 6} 2. Relator has not paid the filing fees for the filing of an original action in this court.
 {¶ 7} 3. With his complaint, relator filed a document captioned "Affidavit of Indigency of Appellant Bruce Winston." In the affidavit, executed February 10, 2006, relator avers that he has "no financial support and any assets of any real value and therefore can not pay for the cost associated with legal action."
 {¶ 8} 4. Relator has not filed a statement of the amount in his inmate account for the preceeding six months as certified by the institutional cashier pursuant to R.C. 2969.25(C).
 {¶ 9} 5. Initially, relator did not file the affidavit required by R.C. 2969.25(A) regarding any prior civil actions or appeals that he may have filed within the past five years.
 {¶ 10} 6. On March 27, 2006, respondent filed a motion to dismiss.
 {¶ 11} 7. On April 13, 2006, relator filed his memorandum in opposition to respondent's motion to dismiss.
 {¶ 12} 8. Also, on April 13, 2006, relator filed a document captioned "Inmate's Affidavit of Prior Actions." The affidavit was executed March 29, 2006, and avers that relator has not filed a civil action or appeal of a civil action in any state or federal court in the previous five years.
 {¶ 13} 9. On April 17, 2006, relator filed a memorandum and two affidavits. The first affidavit argues that the state of Ohio has violated the constitutional prohibition against double jeopardy. The second affidavit, captioned "Affidavit of Indigency, Affidavit of Verification" essentially alleges that relator is indigent.
 {¶ 14} 10. As previously noted, relator has not filed a statement of the amount in his inmate account for the preceeding six months as certified by the institutional cashier.
Conclusions of Law:
 {¶ 15} It is the magistrate's decision that this court grant respondent's motion to dismiss.
 {¶ 16} Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment of the filing fees in a civil action brought against a government entity or employee, must file an affidavit that includes: (1) a statement of the amount in his inmate account for the preceding six months, as certified by the institutional cashier; and (2) a statement of all other cash and things of value owned by the inmate.
 {¶ 17} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal. State ex rel. Washington v. Ohio AdultParole Auth. (1999), 87 Ohio St.3d 258; State ex rel. Zandersv. Ohio Parole Bd. (1998), 82 Ohio St.3d 421; State ex rel.Alford v. Winters (1997), 80 Ohio St.3d 285.
 {¶ 18} Because relator has failed to file a statement from the institutional cashier, relator has failed to comply with the mandatory requirements of R.C. 2969.25(C), which is grounds for dismissal of the instant action.
 {¶ 19} Accordingly, because relator has failed to meet the mandatory filing requirements set forth in R.C. 2969.25(C), it is the magistrate's decision that this court grant respondent's motion to dismiss.