DECISION
{¶ 1} Relator, Brian Donan, filed this original action requesting that this court issue a writ of mandamus against respondents, Terry J. Collins, Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), Edwin Voorhies, the warden of the Southern Ohio Correctional Facility ("SOCF"), where relator was an inmate at the time he filed this action, and six other ODRC employees who work at SOCF. *Page 2 
 {¶ 2} This court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court grant respondents' motion to dismiss. (Attached as Appendix A.) No objections to that decision have been filed.
 {¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, respondents' motion to dismiss is granted, and this action is dismissed.
Motion to dismiss granted, action dismissed.
TYACK and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 3 
 APPENDIX A MAGISTRATE'S DECISION IN MANDAMUS ON RESPONDENTS' MOTION TO DISMISS {¶ 4} In this original action, relator, Brian Donan, an inmate of the Southern Ohio Correctional Facility ("SOCF") on the date this action was filed, requests that a writ of mandamus issue against respondent Terry J. Collins, Director of the Ohio *Page 4 
Department of Rehabilitation and Corrections ("ODRC"), respondent Edwin Voorhies, SOCF Warden, and six other employees of ODRC who work at SOCF.
Findings of Fact: {¶ 5} 1. On December 22, 2006, relator, an SOCF inmate as of the date this action was filed, requested that a writ of mandamus issue against respondents ordering them to perform their alleged duties at SOCF.
 {¶ 6} 2. According to the complaint, the SOCF warden and other SOCF employees have a duty to visit relator's cell block once a week.
 {¶ 7} 3. According to the complaint, "Recreation CO. Lewis owes Donan a duty to allow Donan to recreation and not to harass Donan merely because [he is] disliked by Lewis."
 {¶ 8} 4. According to the complaint, respondent Collins has a duty to ensure that the institution is complying with all policies, but Collins is allegedly "failing in his job responsibilities."
 {¶ 9} 5. According to the complaint, SOCF Warden Voorhies refuses to instruct his staff to enforce institutional policy regarding the making of rounds at the cell blocks.
 {¶ 10} 6. Relator has not filed an affidavit stating that an institutional grievance was filed and the date on which the inmate received a decision regarding the grievance.
 {¶ 11} 7. Relator has not filed an affidavit that contains a description of each civil action or appeal of a civil action that relator has filed in the previous five years.
 {¶ 12} 8. Relator did file a document captioned "Poverty Affidavit and Motion to Proceed in Forma Pauperis." However, relator has not filed a statement of the amount *Page 5 
in his inmate account for the preceding six months, as certified by the institutional cashier.
 {¶ 13} 9. On January 16, 2007, respondents filed a motion to dismiss this action.
 {¶ 14} 10. Relator has not responded to the motion to dismiss.
Conclusions of Law: {¶ 15} It is the magistrate's decision that this court grant respondents' motion to dismiss.
 {¶ 16} R.C. 2969.25(A) requires that an inmate who commences a civil action against a governmental entity or employee shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years.
 {¶ 17} R.C. 2969.25(C) requires that an inmate who seeks a waiver of the prepayment of the full filing fees shall file with the complaint an affidavit of waiver and indigency. The affidavit shall contain a statement setting forth the balance of the inmate account for each of the preceding six months, as certified by the institutional cashier. The affidavit shall also contain a statement that sets forth all other cash and things of value owned by the inmate.
 {¶ 18} Under R.C. 2969.26, if the action filed by the inmate is subject to the grievance system of the state correctional institution at which the inmate is confined, the inmate shall file an affidavit stating that a grievance was filed and the date on which the inmate received the decision regarding the grievance. The inmate shall also file a copy of the decision regarding the grievance from the grievance system. *Page 6 
 {¶ 19} Relator has failed to comply with R.C. 2969.25(A) and (C) and2969.26. Compliance with these provisions is mandatory and failure to satisfy the statutory requirements is grounds for dismissal. State exrel. Washington v. Ohio Adult Parole Auth. (1999), 87 Ohio St.3d 258;State ex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421; andState ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285.
 {¶ 20} Accordingly, it is the magistrate's decision that this court grant respondents' motion to dismiss. *Page 1