DECISION AND JUDGMENT ENTRY
{¶ 1} Relator, Christopher Elam, has filed a petition for writ of mandamus directing "Erie County Common Pleas Court, To Wit: Judge" to file findings of fact and conclusions of law. Relator requests that a final judgment be issued from which relator may appeal, as referenced by our judgment entry issued November 21, 2007, dismissing relator's appeal from the denial of postconviction relief, for lack of a final and appealable order. Relator's petition is facially flawed for two reasons. *Page 2 
 {¶ 2} First, the failure to properly caption a complaint for writ of mandamus requires dismissal. See Maloney v. Court of Common Pleas ofAllen Cty. (1962), 173 Ohio St. 226, 227. The civil rules, to the extent that they are applicable, govern mandamus actions. State ex rel. CosmosBroadcasting Corp. v. Brown (1984), 14 Ohio App.3d 376, 378; see, also, 6th Dist.Loc.App.R. 6. Civ.R. 10 specifies:
 {¶ 3} "(A) Caption; names of parties. Every pleading shall contain a caption setting forth the name of the court, the title of the action, the case number, and a designation as in Rule 7(A). In the complaint the title of the action shall include the names and addresses of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties."
 {¶ 4} In this case, the caption on the document filed by relator does not comply with Civ.R. 10. Relator has failed to specify which judge against whom the writ has been filed or any address for purposes of service. Although we are aware relator has attached the judgment entry for which findings of fact and conclusions of law is required, without a specifically designated judge or address, the clerk would be unable to serve the writ, should this court issue an alternative writ.
 {¶ 5} Second, R.C. 2969.25 requires an incarcerated offender to attach to the complaint for a writ of mandamus an affidavit that describes each civil action or appeal filed within the previous five years in any state or federal court. Failure to comply with R.C. 2969.25 also warrants the dismissal of the complaint for a writ of mandamus. See *Page 3 State ex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421;State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285, 286.
 {¶ 6} Relator has failed to attach an affidavit of all civil actions filed by him within the past five years as required by R.C. 2969.25. Therefore, relator's current application for writ of mandamus is defective on its face.
 {¶ 7} Accordingly, relator's petition for writ of mandamus is dismissed. Court costs of this action are assessed to relator.
WRIT DENIED.
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1