[Cite as *State ex rel. Davenport v. State*, 2015-Ohio-3572.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. Carlos Davenport, | : | |
| Relator, | : | |
| v. | : | No. 14AP-1043 |
| The State of Ohio, | : | (REGULAR CALENDAR) |
| Respondent.] | : | |

D E C I S I O N

Rendered on September 1, 2015

*Carlos Davenport,* pro se.

*Ron O'Brien*, Prosecuting Attorney, for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

TYACK, J.

{¶ 1} Carlos Davenport filed this action in mandamus, seeking a writ to compel the State of Ohio to appoint a special prosecutor to investigate activities in his criminal case.

{¶ 2} In accord with Loc.R. 13(M) of the Tenth District Court of Appeals, the case was referred to a magistrate to conduct appropriate proceedings. The magistrate, after reviewing the file, issued a magistrate's decision, appended hereto, which recommended that the case be dismissed because Davenport has not complied with R.C. 2969.25 which requires among other things that inmates submit an affidavit which lists civil cases filed by the inmate during the previous five years. Case law from the Supreme Court of Ohio indicates that failure to comply with R.C. 2969.25 cannot be cured by a delayed filing of the required affidavit.

{¶ 3}   Davenport has filed objections to the magistrate's decision, acknowledging that he did not comply with R.C. 2969.25, but arguing that our magistrate could have used subpoenas to obtain the information required by R.C. 2969.25.   Davenport also notes how hard it is for an inmate to comply with the statute.

{¶ 4}   The Ohio Legislature enacted R.C. 2969.25 in an effort to address a problem the Ohio courts were having with inmates filing frivolous lawsuits.  The statute is rigorous and must be strictly followed.  We are required to follow the statute and the Supreme Court of Ohio's interpretation of law as to how the statute is to be applied.

{¶ 5}   We overrule Davenport's objections to the magistrate's decision.   We, therefore, adopt the findings of fact and conclusions of law contained in the magistrate's decision.  As a result, we dismiss the lawsuit.

*Objections overruled; case dismissed.*

KLATT and HORTON, JJ., concur.

––––––––––––

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. Carlos Davenport, | : | |
| Relator, | : | |
| v. | : | No. 14AP-1043 |
| The State of Ohio, | : | (REGULAR CALENDAR) |
| Respondent.] | : | |

---

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on May 18, 2015

---

*Carlos Davenport,* pro se.

*Ron O'Brien*, Prosecuting Attorney, for respondent.

---

### IN MANDAMUS
### ON SUA SPONTE DISMISSAL

{¶ 6} Relator, Carlos Davenport, has filed this original action requesting a writ of mandamus ordering the appointment of a special prosecutor to investigate activities he alleges occurred during the proceedings in a criminal case in which he is the named defendant.

Findings of Fact:

{¶ 7} 1. Relator is an inmate currently incarcerated at Ross Correctional Institution.

{¶ 8} 2. On December 17, 2014, relator filed this original action against a government entity or employee.

{¶ 9} 3. At the time he filed this complaint, relator did not file the affidavit required by R.C. 2969.25(A) requiring that he list any prior civil actions or appeals that he may have filed.

{¶ 10} 4. At the time he filed his complaint, relator did file an affidavit of indigency; however, relator has not filed a statement of the amount in his inmate account for the preceding six months as certified by the institutional cashier pursuant to R.C. 2969.25(C).

Conclusions of Law:

{¶ 11} The magistrate recommends that the present action be dismissed. First, relator has not paid filing fees, nor has he fulfilled the requirements in R.C. 2969.25 for payment of fees from his inmate account in installments. In addition, relator has not complied with other requirements of R.C. 2969.25.

{¶ 12} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a governmental entity or employee, an affidavit listing each civil action or appeal of a civil action that he filed in the past five years, providing specific information regarding each civil action or appeal. In the present action, relator has not filed the required affidavit.

{¶ 13} In regard to filing fees, R.C. 2969.25(C) and 2969.22 distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1] Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on the grounds of indigency must file an affidavit that includes: (1) a statement of the amount in his inmate account for each of the preceding six months as certified by the institutional cashier; and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 14} Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State*

---

[1] Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars. Following that payment, all income in the inmate's account (excluding the $10) is forwarded to the clerk each month until the fees are paid.

*ex rel. Washington v. Ohio Adult Parole Auth.*, **87 Ohio St.3d 258 (1999)**; *State ex rel. Zanders v. Ohio Parole Bd.*, **82 Ohio St.3d 421 (1998)**; *State ex rel. Alford v. Winters*, **80 Ohio St.3d 285 (1997).**

**{¶ 15} In the present action, relator has not filed the required affidavit regarding his other civil actions, if any. Nor has relator filed a cashier's statement which complies with the requirements of R.C. 2969.25(C). Because relator cannot cure these deficiencies at a later date, dismissal of the complaint is warranted.**

**{¶ 16} The magistrate, accordingly, recommends that the court dismiss the action.**

/S/ MAGISTRATE
**STEPHANIE BISCA**

**NOTICE TO THE PARTIES**

**Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).**