[Cite as *State ex rel. Glass v. Ohio Adult Parole Auth.*, 2021-Ohio-527.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Timothy Glass, | : | |
| Relator, | : | No. 20AP-195 |
| v. | : | (REGULAR CALENDAR) |
| Ohio Adult Parole Authority, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on February 25, 2021

*Timothy Glass*, pro se.

*Dave Yost*, Attorney General, and *George Horvath*, for respondent.

IN MANDAMUS
ON REVIEW OF MAGISTRATE'S DECISION

BEATTY BLUNT, J.

{¶ 1} Relator, Timothy Glass, filed this original action requesting this court issue a writ of mandamus ordering respondent, Ohio Adult Parole Authority, to reverse its decision and vacate its sanction, which had determined that he violated the conditions of post-release control and ordered him serve a sanction of 90 days incarceration.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court deny relator's request for a writ of mandamus.

{¶ 3} No objections have been filed to the magistrate's decision, and we have found no error of law or other defect on the face of the magistrate's decision. We further note that relator is no longer incarcerated for this post-release control violation. *See*

No. 20AP-195

https://appgateway.drc.ohio.gov/OffenderSearch/Search/DetailsPrint/A628622 (accessed February 24, 2021).

{¶ 4} Therefore, we adopt the magistrate's decision as our own, including the findings of fact and the conclusions of law therein. In accordance with the magistrate's decision, we grant respondents' motion to dismiss relator's complaint for writ of mandamus.

*Motion to dismiss granted;*
*Petition dismissed.*

KLATT and BROGAN, JJ., concur.

BROGAN, J., retired, of the Second Appellate District, assigned to active duty under Section 6(C), Article IV, Ohio Constitution.

No. 20AP-195

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Timothy Glass, | : | |
| Relator, | : | |
| v. | : | No. 20AP-195 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on August 20, 2020

*Timothy Glass,* pro se.

*Dave Yost,* Attorney General, and *George Horvath,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

**{¶ 5}** Relator, Timothy Glass, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, the Ohio Adult Parole Authority ("OAPA"), to reverse its decision revoking his parole due to offenses committed while under parole supervision and to vacate the hearing officer's sanction.

Findings of Fact:

**{¶ 6}** 1. Relator is an inmate incarcerated at Noble Correctional Institution.

No. 20AP-195

{¶ 7} 2. On April 2, 2020, relator filed the instant mandamus action asking this court to order the OAPA to reverse its decision revoking his parole and vacate the hearing officer's sanction.

{¶ 8} 3. At the time relator filed this mandamus action, he did not file an affidavit of prior actions as required by R.C. 2969.25(A).

{¶ 9} 4. On May 4, 2020, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and/or (6) based upon relator's failure to comply with R.C. 2969.25(A).

{¶ 10} 5. On May 6, 2020, relator filed a memorandum contra, claiming he was unaware of the requirements of R.C. 2969.25 and, due to his incarceration, lacked the resources to gain knowledge of the requirements of R.C. 2969.25.

Conclusions of Law:

{¶ 11} The magistrate recommends that this court grant respondent's motion to dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25(A).

{¶ 12} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a governmental entity or employee, an affidavit listing each civil action or appeal of a civil action that he filed in the past five years, providing specific information regarding each civil action or appeal.

{¶ 13} Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998).

{¶ 14} In the present action, relator has not filed the required affidavit regarding his other civil actions, if any, in violation of R.C. 2969.25.

{¶ 15} Accordingly, it is the magistrate's decision that, based upon relator's failure to comply with R.C. 2969.25, this court should grant respondent's motion to dismiss relator's complaint for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

No. 20AP-195

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).