JOURNAL ENTRY AND OPINION
{¶ 1} On June 29, 2007, petitioner Timothy Nash filed a petition for writ of habeas corpus. Nash, the defendant in State v. Nash, Cuyahoga County Court of Common Pleas Case Nos. CR-493755 and CR-490706, asks this court to issue the writ because of several alleged procedural irregularities. On July 27, 2007, the respondent, through the Cuyahoga County Prosecutor, filed a motion to dismiss. For the following reasons, we grant the motion to dismiss the petition. Initially we note that Nash failed to comply with R.C. 2969.25 which requires the attachment of *Page 3 
an affidavit describing each civil action or appeal filed by the relator within the previous five years in any state or federal court.State ex rel. Zanders v. Ohio Parole Board, 82 Ohio St. 3d 421,1998-Ohio-218, 696 N.E.2d 594; State ex rel. Alford v. Winters,80 Ohio St. 3d 285, 1997-Ohio-117, 685 N.E.2d 1242; In Re: Woods (Apr. 26, 2001), Cuyahoga App. No. 79467; Clark v. State (May 17, 2001), Cuyahoga App. No. 79584.
 {¶ 2} Furthermore, "habeas corpus is not a substitute for appeal and does not provide a remedy for errors or irregularities that may be addressed on appeal." State ex rel. Moore v. Ohio Adult ParoleAuth., Cuyahoga App. No. 81757, 2003-Ohio-1844. In State v. Nash, Cuyahoga County Court of Common Pleas, Case No. CR-490706, Nash was convicted of drug possession and sentenced to prison for three years. Consequently, all procedural and substantive errors that Nash claims in his petition must be raised on appeal. In State v. Nash, Cuyahoga County Court of Common Pleas, Case No. CR-493755, a review of the lower court's docket indicates that the case was dismissed on July 20, 2007, thereby rendering the petition as to that matter moot.
 {¶ 3} Accordingly, we grant the motion to dismiss Nash's habeas corpus petition. Nash to pay costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
 Petition dismissed. *Page 4 
 PATRICIA A. BLACKMON, P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR *Page 1