JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Petitioner, L.S., is in the custody of respondent, Katie Needham-Superintendent of the Cuyahoga Hills Juvenile Correctional Facility, under a judgment issued in In re L.S., Greene County Court of Common Pleas, Juvenile Division, Case No. 35208, on July 5, 2007. In that entry, the juvenile court found that L.S. is "a delinquent child by reason of having committed an act which if committed by an adult would constitute a Felony V, to wit: a violation of Section 2919.25(A) [domestic violence] of the Revised Code." The juvenile court ordered that L.S. be committed to the Department of Youth Services ("DYS") for a minimum of six months and a maximum age of 21 years (in 2011).
 {¶ 2} L.S. contends, however, that the juvenile court lacked jurisdiction to order him into the custody of DYS because a juvenile court may commit a child to the custody of DYS only if the child has been adjudicated delinquent for committing an act which would be a felony if committed by an adult. That is, because juvenile court issued a "termination of probation" order on May 4, 2004 and, on July 13, 2006, issued an order terminating intensive community control, L.S. argues that the juvenile court lacked jurisdiction to impose any penalty which arose from the felony domestic violence complaint.
 {¶ 3} "A juvenile court does not have the jurisdiction to reimpose a suspended commitment to a Department of Youth Services facility after a juvenile has been released from probation." In re Cross,96 Ohio St.3d 328, 2002-Ohio- *Page 4 
4183, 774 N.E.2d 258, syllabus. In Cross, the juvenile admitted burglary — a second degree felony if committed by an adult, the court stayed the juvenile's commitment to DYS and the court placed the juvenile on probation for an indefinite period of time. After Cross received a general release from probation, Cross received and admitted other charges. The juvenile court deemed him to be a probation violator and imposed the felony commitment arising from the burglary charge. The court of appeals affirmed and the Supreme Court granted discretionary review. The Supreme Court concluded that "the completion of probation signals the end of the court's jurisdiction over a delinquent juvenile." Id. at 4|28. L.S. argues, therefore, that — in light ofCross—the juvenile court lacked jurisdiction to remand him to the custody of DYS because the juvenile court had terminated probation.
 {¶ 4} Respondent argues, however, that the Greene County Juvenile Court did still have jurisdiction to remand L.S. to the custody of DYS. In the August 19, 2003 journal entry in which the juvenile court adjudicated the felony domestic violence charge against L.S., the court included as a condition of the DYS commitment that L.S. have "Successful Compliance with Monitored Time (Ohio R.C. Section 2152.19A)(3)(i) [now R.C. 2152.19(A)(4)(i), until the age of 18." (L.S. was born in 1990.) "`Monitored time' means a period of time during which an offender continues to be under the control of the sentencing court or parole board, subject to no conditions other than leading a law-abiding life." R.C. 2929.01(Z). See also R.C. 2152.02(U). *Page 5 
 {¶ 5} Respondent observes that L.S. had not led "a law-abiding life." After the May 6, 2004 "termination of probation" entry, L.S. admitted petty theft and carrying a concealed weapon. In addition, numerous probation violation complaints were initiated against L.S. as well as complaints to revoke community control and for obstructing official business. A complaint for escape was also filed against L.S. Petitioner contends, however, that monitored time ended when the juvenile court terminated probation.
 {¶ 6} Respondent relies on In re Walker, Franklin App. No. 02AP-421, 2003-Ohio-2137, appeal not accepted for review, In re Walker,99 Ohio St.3d 1542, 2003-Ohio-4671, 795 N.E.2d 681, in which the court of appeals distinguished Cross and affirmed the judgment of the juvenile court to extend Walker's probation after the termination date in the original order imposing probation. Walker admitted to what would be a first degree felony if committed by an adult, and the juvenile court placed Walker on probation for 24 months "`until 12/1/2000 or until all conditions have been completed.'" Id. at ¶ 6. In 2001, Walker's probation officer filed motions requesting that the juvenile court exercise its continuing jurisdiction in April, June and November. Ultimately, all three of these motions were granted. After the third motion, probation was extended to August 2002.
 {¶ 7} Walker appealed. The court of appeals distinguished the circumstances in Walker from those in Cross and other cases cited by Walker observing: "None contain conditional language such as that set forth in the court's order in the instant *Page 6 
case." Id. at ¶ 20. The Walker court also emphasized the importance of reviewing the record in order to determine whether the juvenile court properly extended probation. "Because the juvenile court has broad discretion in fashioning orders specifically tailored to address each juvenile's particular treatment and rehabilitative needs, review of the court's orders must involve a careful reading of the language contained therein. * * *.
 {¶ 8} "Upon review of the facts and circumstances involved in this case, we cannot agree with appellant's contention that his period of probation expired on December 1, 2000. The record contains no indication that the trial court released or discharged appellant from probation on December 1, 2000. To the contrary, the record contains ample evidence suggesting that both the magistrate and the trial court did not consider appellant's term of probation to be complete until all terms and conditions of his probation had been satisfied * * *." Id. at ¶ 22-23 (citations deleted).
 {¶ 9} We note that both Cross and Walker were direct appeals from the adjudications by the respective juvenile courts. `"[H]abeas corpus is not a substitute for appeal and does not provide a remedy for errors or irregularities that may be addressed on appeal.' State ex rel. Moore v.Ohio Adult Parole Auth., Cuyahoga App. No. 81757, 2003 Ohio 1844."Nash v. State, Cuyahoga App. No. 90071, 2007-Ohio-4675, at ¶ 2. L.S. has an appeal pending. See State v. L.S., Greene App. No. 2007 CA 0065. *Page 7 
 {¶ 10} The analysis in Cross and Walker necessarily requires an interpretation of the juvenile court docket and journal entries to determine the propriety of the adjudication which the juvenile is challenging. Both Cross and Walker exemplify why this is a function appropriate for the exercise of appellate jurisdiction. In order to decide whether (and, if so, when) the juvenile court had terminated probation with respect to L.S.'s felony domestic violence charge, this court would have to construe the meaning of numerous filings spanning more than three years. Under the circumstances of this case, it would not be appropriate in an original action in habeas corpus to undertake the kind of interpretation of the juvenile court docket and journal entries which the courts did in the direct appeals in Cross andWalker. The remedy for the challenge by L.S. is, therefore, his pending direct appeal from the juvenile court's disposition.
 {¶ 11} Accordingly, respondent's motion to dismiss is granted. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Petition dismissed.
SEAN C. GALLAGHER, PRESIDING JUDGE ANN DYKE, J., and MARY J. BOYLE, J., CONCUR *Page 1