THE STATE, EX REL. GANTT, APPELLANT, v. COLEMAN, JUDGE, APPELLEE.

[Cite as State, ex rel. Gantt, *v.* Coleman (1983), 6 Ohio St. 3d 5.]

(No. 82-1221—Decided July 13, 1983.)

*Mr. Shelley Gantt, pro se.*

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Gary W. Johnson,* for appellee.

*Per Curiam.* It is well-established that the extraordinary writ of mandamus "* * * will not issue to compel a public official to perform a legal duty which has been completed." *State, ex rel. Breaux,* v. *Court of Common Pleas* (1977), 50 Ohio St. 2d 164 [4 O.O.3d 352], citing *State, ex rel. Bowman,* v. *Asmann* (1925), 113 Ohio St. 394. Stated otherwise, the writ will not lie in order to secure a determination of issues which have become moot pending consideration by the court of appeals. *State, ex rel. Hawke,* v. *Weygandt* (1947), 148 Ohio St. 453, 456 [36 O.O. 88]. See, also, *State, ex rel. Warner & Swasey Co.,* v. *Indus. Comm.* (1977), 50 Ohio St. 2d 152 [4 O.O.3d 346].

Since a ruling on the petition for post-conviction relief was issued during the pendency of appellant's original action, the court of appeals correctly determined that the issues raised in the complaint for a writ of mandamus had become moot. *State, ex rel. Breaux,* v. *Court of Common Pleas, supra.*

6

For the foregoing reasons the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.