THE STATE EX REL. ZANDERS, APPELLANT, *v.* OHIO PAROLE BOARD, APPELLEE.

[Cite as *State ex rel. Zanders v. Ohio Parole Bd.* (1998), 82 Ohio St.3d 421.]

(No. 98-34—Submitted June 24, 1998—Decided July 29, 1998.)

*Lawrence Zanders, pro se.*

*Betty D. Montgomery,* Attorney General, and *Karen L. Killian,* Assistant Attorney General, for appellee.

---

**Per Curiam.** Zanders asserts in his sole proposition of law that the court of appeals erred in dismissing his petition. For the reasons that follow, however, Zanders's assertion lacks merit.

First, as the court of appeals held, Zanders failed to comply with the mandatory requirements of R.C. 2969.25 in commencing his action. See *State ex rel. Alford v. Winters* (1997), 80 Ohio St.3d 285, 286, 685 N.E.2d 1242, 1242–1243. Like the appellant in *Alford,* Zanders does not assert that R.C. 2969.25 is inapplicable to habeas corpus and mandamus actions.

Second, the Parole Board possesses discretion to rescind an unexecuted order for a prisoner to receive parole at a future date. *Hattie v. Anderson* (1994), 68 Ohio St.3d 232, 233, 626 N.E.2d 67, 70. Zanders has no right to be released before the expiration of his sentence. *State ex rel. Lake v. Anderson* (1997), 80 Ohio St.3d 491, 492, 687 N.E.2d 453.

Finally, Zanders was not entitled to a writ of mandamus because mandamus is not the appropriate remedy for persons claiming entitlement to release from prison. *State ex rel. Smith v. Yost* (1998), 81 Ohio St.3d 111, 112, 689 N.E.2d 565, 566.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.