[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 421.]

THE STATE EX REL. ZANDERS, APPELLANT, *v.* OHIO PAROLE BOARD, APPELLEE.

[Cite as *State ex rel. Zanders v. Ohio Parole Bd.*, 1998-Ohio-218.]

*Habeas corpus and mandamus to compel relator's immediate release from prison—Petition dismissed, when.*

(No. 98-34—Submitted June 24, 1998—Decided July 29, 1998.)

APPEAL from the Court of Appeals for Lorain County, No. 97CA006960.

———————————

{¶ 1} In November 1997, appellant, Lawrence Zanders, filed a petition in the Court of Appeals for Franklin County requesting writs of mandamus and habeas corpus to compel appellee, Ohio Parole Board, to immediately release him from prison. Zanders claimed that the Ohio Parole Board erred by rescinding its previous decision to release him on parole on or after a certain date and subsequently denying parole pending disposition of remanded involuntary manslaughter charges. Zanders attached copies of these decisions to his petition but did not file an affidavit describing each civil action or appeal of a civil action he had filed in the previous five years in any state or federal court, as specified by R.C. 2969.25(A).

{¶ 2} The court of appeals *sua sponte* dismissed the petition.

{¶ 3} This cause is now before the court upon an appeal as of right.

———————————

*Lawrence Zanders, pro se*.

*Betty D. Montgomery*, Attorney General, and *Karen L. Killian*, Assistant Attorney General, for appellee.

———————————

*Per Curiam.*

**{¶ 4}** Zanders asserts in his sole proposition of law that the court of appeals erred in dismissing his petition. For the reasons that follow, however, Zanders's assertion lacks merit.

**{¶ 5}** First, as the court of appeals held, Zanders failed to comply with the mandatory requirements of R.C. 2969.25 in commencing his action. See *State ex rel. Alford v. Winters* (1997), 80 Ohio St.3d 285, 286, 685 N.E.2d 1242, 1242-1243. Like the appellant in *Alford*, Zanders does not assert that R.C. 2969.25 is inapplicable to habeas corpus and mandamus actions.

**{¶ 6}** Second, the Parole Board possesses discretion to rescind an unexecuted order for a prisoner to receive parole at a future date. *Hattie v. Anderson* (1994), 68 Ohio St.3d 232, 233, 626 N.E.2d 67, 70. Zanders has no right to be released before the expiration of his sentence. *State ex rel. Lake v. Anderson* (1997), 80 Ohio St.3d 491, 492, 687 N.E.2d 453.

**{¶ 7}** Finally, Zanders was not entitled to a writ of mandamus because mandamus is not the appropriate remedy for persons claiming entitlement to release from prison. *State ex rel. Smith v. Yost* (1998), 81 Ohio St.3d 111, 112, 689 N.E.2d 565, 566.

**{¶ 8}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————