JOURNAL ENTRY AND OPINION
On September 21, 2001, the relator, Darryl J. Smith, commenced this mandamus action against the respondents, Judge Shirley Strickland Stafford and Judge Richard J. McMonagle, to compel either of them to issue findings of fact and conclusion of law pertaining to his petition for post conviction relief in State v. White, Cuyahoga County Court of Common Pleas Case No. CR-254890. On October 16, 2001, the respondents, through the Cuyahoga County Prosecutor, filed a motion for summary judgment.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief; (2) the respondent must have a clear legal duty to perform the requested relief; and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not be issued in doubtful cases. State ex rel. Taylor v. Glasser (1977),50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. Ohio TurnpikeCommission (1953), 159 Ohio St. 5811 113 N.E.2d 14; State ex rel. CannoleV. Cleveland Board of Education (1993), 87 Ohio App.3d 431 621 N.E.2d 850.
In light of State ex rel. Carrion v. Harris (1988), 40 Ohio St.3d 19,530 N.E.2d 1330, the issue of whether the journal entry of February 7, 1997 previously satisfied the respondent's duty to issue findings of fact and conclusions of law is less than clear. As the relator has indicated he will appeal the court's denial of his post-conviction motion, this court will have the opportunity to address this issue in the exercise of its appellate jurisdiction. Similarly, the issue of whether the trial court had any duty to issue findings of fact and conclusions of law because the petition for post-conviction relief does not appear to be timely filed can also be addressed on appellate review. See State exrel. Jackson v. Court of Common Pleas, Cuyahoga County, Ohio (Aug. 30, 2000), Cuyahoga App. No. 77999.
Nevertheless, attached to the respondents' motion for summary judgment is a copy of the court's findings of fact and conclusions of law which were issued on October 16, 2001. Thus, the relator's request for a writ of mandamus is moot. State ex rel. Gantt v. Coleman (1983), 6 Ohio St.3d 5,450 N.E.2d 1163; State ex rel. Jerningham v. Cuyahoga County Court ofCommon Pleas (1996), 74 Ohio St.3d 278, 658 N.E.2d 723.
Furthermore, we find that relator has failed to comply with R.C.2969.25 which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the relator's complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board (1998),82 Ohio St.3d 421, 696 N.E.2d 594; State ex rel. Alford v. Winters
(1997), 80 Ohio St.3d 285, 685 N.E.2d 1242.
Accordingly, we grant the respondents' motion for summary judgment. Respondents to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ denied.
MICHAEL J. CORRIGAN. P.J., and ANN DYKE. J., CONCUR.