JOURNAL ENTRY AND OPINION
{¶ 1} On May 16, 2002, the relator, Martin Lee, commenced this mandamus action against the State of Ohio to compel the sentencing judge to rule on his motion to vacate or modify his sentence to conform with the new law of Senate Bill-2 in State v. Lee, Cuyahoga County Court of Common Pleas Case No. CR-256369. On June 19, 2002, the respondent, through the Cuyahoga County Prosecutor, filed an answer and a motion for summary judgment.
{¶ 2} Attached to the respondent's motion for summary judgment is a copy of the court's judgment entry signed by Judge Burt Griffin which denies relator's motion. Thus, the relator's request for a writ of mandamus is moot. State ex rel. Gantt v. Coleman (1983), 6 Ohio St.3d 5,450 N.E.2d 1163; State ex rel. Jerningham v. Cuyahoga County Court ofCommon Pleas (1996), 74 Ohio St.3d 278, 658 N.E.2d 723.
{¶ 3} We also find that the petition for a writ of mandamus is defective since the relator failed to identify a particular individual or public office that owes a specific duty to relator. State ex rel.Sherrills v. State of Ohio (Aug. 3, 2000), Cuyahoga County App. No. 78261. Relator's failure to properly identify a respondent renders the complaint fatally defective and subject to dismissal. State ex rel. Leskov. Cuyahoga County Court of Common Pleas (Apr. 15, 1999), Cuyahoga App. No. 76165.
{¶ 4} Furthermore, the relator failed to comply with R.C. 2969.25, which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the relator's complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board (1998),82 Ohio St.3d 421, 696 N.E.2d 594; State ex rel. Alford v. Winters
(1997), 80 Ohio St.3d 285, 685 N.E.2d 1242.
{¶ 5} Accordingly, we grant the respondent's motion for summary judgment. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ denied.
TIMOTHY E. MCMONAGLE, A.J. AND PATRICIA ANN BLACKMON, J., CONCUR.