ORIGINAL JOURNAL ENTRY AND OPINION.
{¶ 1} Anthony Golphin seeks to have this court order Judge Mary Boyle to rule on his motion for jail time credit. The Cuyahoga County Prosecutor's Office answered and moved for summary judgment on the basis that the judge had ruled on Golphin's motion and he has an adequate remedy at law if he disputes the amount of jail-time credit awarded. Attached to the motion for summary judgment is a copy of the journal entry that granted Golphin twenty days jail-time credit. For the above reasons, we deny the motion for summary judgment and dismiss the petition, sua sponte.
 {¶ 2} The journal entry directs the Cuyahoga County Clerk of Courts to forward the order granting twenty days jail-time credit to the Lorain Correctional Institution and the order was sent to the Institution on January 30, 2003.
 {¶ 3} Although we are considering matters outside of Golphin's pleading, a sua sponte dismissal is appropriate in this case. A court may take judicial notice of mootness, and an event that causes a case to be moot may be proved by extrinsic evidence outside the record.[1] We find that Golphin's request for a writ of mandamus is moot.[2]
 {¶ 4} We also find that he failed to comply with Loc.App.R. 45(B)(1)(a) which provides that all complaints must contain the specific statements of fact upon which the claim of illegality is based and must be supported by an affidavit specifying the details of the claim.[3]
 {¶ 5} Additionally, we find that Golphin's petition for a writ of mandamus is defective since it is improperly captioned. It must be brought in the name of the state, on relation of the person applying. The failure to properly caption a petition for a writ of mandamus constitutes sufficient reason for dismissal.[4]
 {¶ 6} Golphin also failed to comply with R.C. 2969.25, which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the complaint for a writ of mandamus.[5]
 {¶ 7} Accordingly, we deny the motion for summary judgment and dismiss this action sua sponte. Golphin to pay costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Complaint Dismissed.
JAMES J. SWEENEY, J., AND TIMOTHY E. MCMONAGLE, J., concur.
[1] Pewitt v. Lorain Correctional Inst.(1992), 64 Ohio St.3d 470,597 N.E.2d 92. State ex rel. Nelson v. Russo (2000), 89 Ohio St.3d 227,228, 729 N.E.2d 1181.
[2] State ex rel. Gantt v. Coleman (1983), 6 Ohio St.3d 5,450 N.E.2d 1163; State ex rel. Jerningham v. Cuyahoga County Court ofCommon Pleas (1996), 74 Ohio St.3d 278, 658 N.E.2d 723.
[3] State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077; State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
[4] Allen v. Court of Common Pleas of Allen Cty. (1962),173 Ohio St. 226, 181 N.E.2d 270; Dunning v. Judge Cleary (Jan. 11, 2001), Cuyahoga App. No. 78763.
[5] State ex rel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421,696 N.E.2d 594; State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285,685 N.E.2d 1242.