JOURNAL ENTRY and OPINION.
{¶ 1} On April 30, 2003, the relator, John Robarge, commenced this mandamus action to compel the respondent judge to rule on a postconviction relief petition, which Robarge filed in May 2002 in the underlying case, State of Ohio v. John Robarge, Cuyahoga County Common Pleas Court Case No. CR-343666. On June 12, 2003, the respondent, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of mootness. Attached to the dispositive motion was a copy of a signed and file-stamped journal entry containing the requisite findings of fact and conclusions of law. Robarge never filed a response. For the following reasons, this court grants the respondent's motion for summary judgment and denies the relator's application for a writ of mandamus.
 {¶ 2} The attachment establishes that the judge has fulfilled her duty to rule on the postconviction relief petition and to issue the findings of fact and conclusions of law and that the relator has received his requested relief, a resolution of his postconviction petition. The action is moot. The relator has also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. The relator's failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zandersv. Ohio Parole Board, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594
and State ex rel. Alford v. Winters, 80 Ohio St.3d 285, 1997-Ohio-117,685 N.E.2d 1242.
 {¶ 3} Accordingly, the motion for summary judgment is granted, and the application for a writ of mandamus is denied. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
MICHAEL J. CORRIGAN, P.J. concurs.
FRANK D. CELEBREZZE, JR., J. concurs.