ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Gregory Donald, through a complaint for a writ of mandamus, requests this court to order Judge Nancy M. Russo to grant his motion for pre-conviction jail time credit in State v. Donald, Cuyahoga County Court of Common Pleas Case No. CR-419217. The judge responded with a motion for summary judgment, which we grant for the following reasons.
 {¶ 2} Attached to the motion for summary judgment is a copy of a judgment entry that grants Donald sixty-eight (68) days of pre-conviction jail time credit. It must also be noted that any error associated with the calculation of pre-conviction jail time credit must be addressed through an appeal.[1] The judge has discharged her duty and Donald's request for a writ of mandamus is moot.[2]
 {¶ 3} We find, however, that Donald has failed to comply with Loc.App.R. 45(B)(1)(a), which requires that the complaint be supported by an affidavit that specifies the details of the claim. His failure to provide this court with a supporting affidavit requires dismissal of the complaint.[3] In addition, he has failed to comply with R.C. 2969.25, which requires an affidavit that delineates with specificity each civil action or appeal filed by him within the prior five years in any state or federal court. This failure to comply with R.C. 2969.25 warrants the dismissal of the complaint for a writ of mandamus.[4]
 {¶ 4} Accordingly, we grant the motion for summary judgment. Costs to Donald. It is further ordered that the Clerk of the Eighth District Court of Appeals serve upon all parties notice of this judgment as required by Civ.R. 58(B).
 {¶ 5} Writ denied.
Diane Karpinski, J., concurs.
Anthony O. Calabrese, Jr., J., concurs.
[1] State ex rel. Britton v. Judge Foley-Jones (March 5, 1998), Cuyahoga App. No. 73646; State ex rel. Spates v. Judge Sweeney (April 17, 1997), Cuyahoga App. No. 71986.
[2] State ex rel. Gantt v. Coleman (1983), 6 Ohio St.3d 5,450 N.E.2d 1163; State ex rel. Jerningham v. Cuyahoga Cty. Court ofCommon Pleas (1996), 74 Ohio St.3d 278, 658 N.E.2d 723.
[3] State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899; State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077.
[4] State ex rel. Zanders v. Ohio Parole Board, 82 Ohio St.3d 421,1998-Ohio-218, 696 N.E.2d 594; Alford v. Winters, 80 Ohio St.3d 285,1997-Ohio-117, 685 N.E.2d 1242.