ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Andrew Gales has filed a complaint for a writ of mandamus. Gales seeks and order from this court which requires Judge Lillian J. Greene to dismiss the indictment, as returned inState v. Gales, Cuyahoga County Court of Common Pleas case No. CR-442239, on the basis of a lack of speedy trial as guaranteed by R.C. 2945.73. In addition, Gales seeks an order which requires Judge Greene to issue findings of fact and conclusions of law with regard to the denial of a "motion to dismiss felony charges for delay of trial". Judge Greene has filed a motion to dismiss which we grant for the following reasons.
 {¶ 2} Initially, we find that Gales' complaint for a writ of mandamus is defective since it is improperly captioned. A complaint for a writ of mandamus must be brought in the name of the state, on relation of the person applying. The failure of Gales to properly caption his complaint for a writ of mandamus warrants dismissal. Maloney v. Court of Common Pleas of AllenCty. (1962), 173 Ohio St. 226, 181 N.E.2d 270; Dunning v. JudgeCleary (Jan. 11, 2001), Cuyahoga App. No. 78763. In addition, Gales has failed to comply with R.C. 2969.25 which requires the attachment of an affidavit to the complaint for a writ of mandamus that describes each civil action or appeal filed by Gales within the previous five years in any state or federal court. Gales' failure to comply with R.C. 2969.25 warrants the dismissal of the complaint for a writ of mandamus. State ex rel.Zanders v. Ohio Parole Bd., 82 Ohio St.3d 421, 1998-Ohio-218,696 N.E.2d 594; Alford v. Winters, 80 Ohio St.3d 285,1997-Ohio-117, 685 N.E.2d 1242.
 {¶ 3} Finally, a complaint for a writ of mandamus may not be employed to challenge the denial of a person's right to speedy trial. Speedy trial issues can only be addressed through a direct appeal following trial. State ex rel. Baker v. Hair (1986),31 Ohio App.3d 141, 509, N.E.2d 90; State ex rel. Dix v. JudgeAngelotta (1985), 18 Ohio St.3d 115, 480, N.E.2d 407. See, also,State ex rel. Dunn v. Callahan, Cuyahoga App. No. 83451,2003-Ohio-6182: State ex rel. Campbell v. Gilligan (Feb. 1, 2001), Cuyahoga App. No. 78725. It must also be noted that Judge Greene possesses no duty to issue findings of fact and conclusions of law with regard to the denial of the motion to dismiss as based upon a lack of speedy trial. Cf. State ex rel.Jerningham v. Cuyahoga County Court of Common Pleas (1996),74 Ohio St.3d 278, 658 N.E.2d 723; State ex rel. Gantt v. Coleman
(1983), 6 Ohio St.3d 5, 450 N.E.2d 1163.
 {¶ 4} Accordingly, we grant Judge Greene's motion to dismiss. Costs to Gales. In addition, the Clerk of the Eighth District Court of Appeals is ordered to serve a copy of this judgment on all parties as required by Civ.R. 58(B).
 {¶ 5} The complaint is dismissed.
Complaint dismissed.
 Kilbane, P.J., and Rocco, J., concur.