ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On June 21, 2004, relator Anthony Weaver commenced this mandamus action against the Clerk of Courts seeking to compel the clerk to send to prison officials a copy of his jail time credit in the amount of 128 days. The respondent, through the Cuyahoga County Prosecutor's office, filed a response to the petition, which this court sua sponte converted to a motion for summary judgment. Thereafter, on July 22, 2004, Weaver filed a response to the motion for summary judgment. In his response, Weaver asks this court to order the clerk's office to send prison officials a copy of another order granting jail time credit in the amount of 256 days. For the following reasons, we grant the respondent's motion for summary judgment.
 {¶ 2} The requisites for mandamus are well established: 1) the relator must have a clear legal right to the requested relief, 2) the respondent must have a clear legal duty to perform the requested relief, and 3) there must be no adequate remedy at law. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not be issued in doubtful cases. State ex rel. Taylor v.Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel.Shafer v. Ohio Turnpike Commission (1953), 159 Ohio St. 581,113 N.E.2d 14; State ex rel. Cannole v. Cleveland Board ofEducation (1993), 87 Ohio App.3d 43, 621 N.E.2d 850.
 {¶ 3} Attached to Weaver's response filed on July 22, 2004 are two journal entries ordering jail time credit. The first entry indicates that he was granted 128 days credit after sentencing. A review of this document indicates that a copy was provided to the sheriff's office. Pursuant to R.C. 2949.12, "the sheriff shall * * * present the managing officer with a copy of the convicted felon's sentence that * * * pursuant to section2967.191 of the Revised Code, specifies the total number of days, if any, that the felon was confined for any reason prior to conviction and sentence." Accordingly, we find that Weaver failed to establish that the clerk's office possesses a duty to forward a copy of this order granting jail time credit.
 {¶ 4} The second order indicates that after filing a motion, Weaver was granted 256 days jail time credit. A review of this document indicates that the clerk's office previously forwarded a copy to the corrections department. Thus, the relator's request for a writ of mandamus, as to this document, is moot. State exrel. Gantt v. Coleman (1983), 6 Ohio St.3d 5, 450 N.E.2d 1163;State ex rel. Jerningham v. Cuyahoga County Court of CommonPleas, 74 Ohio St.3d 278, 1996-Ohio-117, 658 N.E.2d 723.
 {¶ 5} Furthermore, we find that Weaver failed to comply with R.C. 2969.25, which requires that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the relator's complaint for a writ of mandamus. State ex rel.Zanders v. Ohio Parole Board, 82 Ohio St.3d 421, 1998-Ohio-218,696 N.E.2d 594; State ex rel. Alford v. Winters,80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242.
 {¶ 6} Accordingly, we grant the respondent's motion for summary judgment. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ denied.
Blackmon, P.J., concurs.
 Sweeney, J., concurs.