ORIGINAL ACTION
JOURNAL ENTRY AND OPINION
{¶ 1} Duane Alan Smith, a.k.a. Jameel Hakeem, hereinafter referred to as ("Smith-Hakeem"), has filed a complaint for a writ of mandamus. Smith-Hakeem seeks an order from this court which requires Judge Carolyn B. Friedland to order the Cleveland Police Department to return money that was originally seized as a result of an arrest for drug law violations. Judge Friedland has filed a motion to dismiss, which we grant for the following reasons.
 {¶ 2} Initially, we find that Smith-Hakeem's complaint for a writ of mandamus is defective because it is improperly captioned. A complaint for a writ of mandamus must be brought in the name of the state, on relation of the person applying. The failure of Smith-Hakeem to properly caption his complaint for a writ of mandamus warrants dismissal. Maloney v. Court of Common Pleas ofAllen Cty. (1962), 173 Ohio St. 226, 181 N.E.2d 270; Dunning v.Cleary (Jan. 11, 2001), Cuyahoga App. No. 78763. Smith-Hakeem has also failed to comply with R.C. 2969.25, which requires the attachment of an affidavit to the complaint for a writ of mandamus that describes each civil action or appeal filed within the previous five years in any state or federal court. Smith-Hakeem's failure to comply with R.C. 2969.25 warrants the dismissal of the complaint for a writ of mandamus. State ex rel.Zanders v. Ohio Parole Board, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594; Alford v. Winters, 80 Ohio St.3d 285,1997-Ohio-117, 685 N.E.2d 1242. It must also be noted that Smith-Hakeem has failed to comply with Loc.App.R. 45(B)(1)(a), which mandates that the complaint must be supported by an affidavit which specifies the details of the claim. The failure of Smith-Hakeem to comply with the supporting affidavit requirement of Loc.App.R. 45(B)(1)(a) requires dismissal of the complaint for a writ of mandamus. State ex rel. Smith-Hakeem v.McMonagle (July 17, 1996), Cuyahoga App. No. 70899; State exrel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077.
 {¶ 3} Finally, we find that Smith-Hakeem has failed to establish that he is entitled to a writ of mandamus. In order for this court to issue a writ of mandamus, Smith-Hakeem must demonstrate that: (1) he possesses a clear legal right to the relief prayed for; (2) Judge Friedland possesses a clear legal duty; and (3) there exists no plain and adequate remedy in the ordinary course of the law. State ex rel. Harris v. Rhodes
(1977), 52 Ohio St.2d 41, 37 N.E.2d 641. Herein, Judge Friedland has already issued four separate orders, in the underlying action of State v. Hakeem, Cuyahoga County Court of Common Pleas Case No. CR-234283, which required the Cleveland Police Department to return the money that was seized from Smith-Hakeem. Judge Friedland has discharged any duty with regard to ordering the return of the seized money and, thus, Smith-Hakeem has failed to establish that he is entitled to a writ of mandamus. State exrel. Jerningham v. Cuyahoga Cty. Court of Common Pleas,74 Ohio St.3d 278, 1996-Ohio-117, 658 N.E.2d 723; State ex rel. Gantt v.Coleman (1983), 6 Ohio St.3d 5, 450 N.E.2d 1163.
 {¶ 4} Accordingly, we grant Judge Friedland's motion to dismiss. Costs to Smith-Hakeem. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Complaint dismissed.
Dyke, A.J., concurs Cooney, J., concurs.