JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On March 19, 2007, relator Charles McCuller commenced this mandamus action against respondent Judge Peter Corrigan to compel him to issue findings of fact and conclusions of law pertaining to McCuller's post-conviction relief petition which was filed on October 3, 2005 in the underlying matter of State v. McCuller, Cuyahoga County Court of Common Pleas, Case No. CR-455941. On April 4, 2007, Judge Corrigan filed a motion to dismiss relator's original action in mandamus. For the following reason, we grant the motion to dismiss.
 {¶ 2} Attached to Judge Corrigan's motion to dismiss is a copy of the findings of fact and conclusions of law which was journalized on April 10, 2007. Thus, McCuller's request for a writ of mandamus is moot.State ex rel. Gantt v. Coleman (1983), 6 Ohio St.3d 5, 450 N.E.2d 1163;State ex rel. Jerningham v. Cuyahoga County Court of Common Pleas,74 Ohio St.3d 278, 1996-Ohio-117, 658 N.E.2d 723.
 {¶ 3} Accordingly, we dismiss McCuller's petition for a writ of mandamus.[1] Costs to respondent. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
 Petition dismissed. *Page 4 
JAMES J. SWEENEY, P.J., and MARY EILEEN KILBANE, J., CONCUR
[1] Dismissal is appropriate in this case despite the fact that the motion to dismiss presents matters outside the pleading. Civ.R. 12(B) and 56. A court may take judicial notice of mootness. "In fact, `an event that causes a case to be moot may be proved by extrinsic evidence outside the record.' Pewitt v. Lorain Correctional Inst.64 Ohio St.3d 470, 472, 1992-Ohio-91, 597 N.E.2d 92." State ex rel. Nelson v.Russo, 89 Ohio St.3d 227, 228, 2000-Ohio-141, 729 N.E.2d 1181. *Page 1