JOURNAL ENTRY AND OPINION
{¶ 1} Kevin Michael Stewart has filed a complaint for a writ of mandamus. Stewart seeks an order from this court, which requires the Cuyahoga County Court of Common Pleas to render a ruling with regard to a motion for jail time credit that was filed on Nov. 7, 2008, inState v. Stewart, Cuyahoga County Court of Common Pleas Case No. CR-486490. Stewart's request for a writ of mandamus, however, is moot.
 {¶ 2} Attached to the motion to dismiss, as filed by the Cuyahoga County Court of Common Pleas, is a copy of a judgment entry journalized on December 22, 2008. The judgment entry demonstrates that a ruling has been rendered with regard *Page 3 
to Stewart's motion for jail time credit. Thus, the request for a writ of mandamus is moot. State ex rel. Jerninghan v. Cuyahoga Cty. Court ofCommon Pleas, 74 Ohio St.3d 278, 1996-Ohio-278, 658 N.E.2d 723;State ex rel. Gantt v. Coleman (1983), 6 Ohio St.3d 5, 450 N.E.2d 1163.
 {¶ 3} It must also be noted that Stewart's complaint for a writ of mandamus is procedurally defective. A complaint for a writ of mandamus must be brought in the name of the state, on relation of the person applying. Herein, Stewart has failed to properly caption his complaint for a writ of mandamus. The failure of Stewart to properly caption his complaint warrants dismissal. Maloney v. Court of Common Pleas of AllenCty. (1962), 173 Ohio St. 226, 181 N.E.2d 270; Dunning v. Cleary (Jan. 11. 2001), Cuyahoga App. No. 78763.
 {¶ 4} Stewart has also failed to comply with R.C. 2969.25 which requires the attachment of an affidavit to the complaint for a writ of mandamus that describes each civil action or appeal filed within the previous five years in any state or federal court. Stewart's failure to comply with R.C. 2969.25 warrants the dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Bd.,82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594; Alford v. Winters,80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242.
 {¶ 5} Finally, Stewart has failed to comply with Loc. App. R. 45(B)(1)(a), which mandates that the complaint must be supported by an affidavit that specifies the details of his claim. The failure of Stewart to comply with the supporting affidavit *Page 4 
requirement of Loc. App. R. 45(B)(1)(a) requires dismissal of the complaint for a writ of mandamus. State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899; State ex rel. Wilson v.Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077.
 {¶ 6} Accordingly, we grant the motion to dismiss. Costs to Stewart. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ. R. 58(B).
Complaint dismissed.
 MELODY J. STEWART, J., and MARY J. BOYLE, J., CONCUR. *Page 1