JOURNAL ENTRY AND OPINION
{¶ 1} On February 27, 2009, relator, James Golden, commenced this mandamus action against respondent, Judge Peter Corrigan, to compel him to rule on his motion for jail time credit in State v. Golden, Cuyahoga County Court of Common Pleas, Case No. CR-502530, which was filed on July 17, 2008. For the following reasons, we sua sponte dismiss the petition.
 {¶ 2} Initially we find that the petition for a writ of mandamus is fatally defective since it is improperly captioned. A petition for a writ of mandamus must be brought in the name of the state, on relation of the person applying. Golden's failure to properly caption his petition as to the writ of mandamus constitutes sufficient reason for dismissal. Allen v. Court of Common Pleas of *Page 3 Allen Cty. (1962), 173 Ohio St. 226, 181 N.E.2d 270; Dunning v.Cleary (Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 3} Golden also failed to comply with R.C. 2969.25, which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the relator's complaint for a writ of mandamus. State exrel. Zanders v. Ohio Parole Board, 82 Ohio St.3d 421, 2008-Ohio-218,696 N.E.2d 594; State ex rel. Alford v. Winters, 80 Ohio St.3d 285,1997-Ohio-117, 685 N.E.2d 1242.
 {¶ 4} Nevertheless, a review of the lower court's docket indicates that Judge Corrigan denied Golden's motion for jail time credit on February 18, 2009. Thus, Golden's request for a writ of mandamus is moot. State ex rel. Gantt v. Coleman (1983), 6 Ohio St.3d 5,450 N.E.2d 1163; State ex rel. Jerningham v. Cuyahoga Cty. Court of CommonPleas (1996), 74 Ohio St.3d 278, 658 N.E.2d 723.
 {¶ 5} Accordingly, we sua sponte dismiss Golden's petition for a writ of mandamus. Costs to respondent. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ. R. 58(B).
 {¶ 6} Petition dismissed. *Page 4 
COLLEEN CONWAY COONEY, A.J., and JAMES J. SWEENEY, J., CONCUR *Page 1