[Cite as *State ex rel. Yates v. McDonnell*, 2011-Ohio-1969.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96510

STATE OF OHIO, EX REL. PIERRE YATES

RELATOR

VS.

JUDGE NANCY R. McDONNELL

RESPONDENT

JUDGMENT:
WRIT DENIED

Writ of Mandamus
Motion No. 443345
Order No. 443566

**RELEASE DATE:** April 15, 2011

FOR RELATOR

Pierre Yates, pro se
Inmate No. 484-276
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, OH    44430


ATTORNEYS FOR RESPONDENT

William D. Mason
Cuyahoga County Prosecutor

BY:   James E. Moss
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

SEAN C. GALLAGHER, J.:

{¶ 1}  Pierre Yates has filed a complaint for a writ of mandamus. Yates seeks an order from this court, which requires Judge Nancy R. McDonnell to render a ruling with regard to a "motion for leave to file delayed motion for new trial" that was filed, on June 24, 2009, in the underlying action of *State v. Yates*, Cuyahoga County Court of Common

Pleas Case No. CR-460767. Judge McDonnell has filed a motion for summary judgment, which we grant for the following reasons.

{¶ 2} Initially, we find that Yates's complaint for a writ of mandamus is procedurally defective. Yates has failed to comply with R.C. 2969.25(C), which requires that an inmate who files a complaint against a government entity or government employee must support the complaint with a statement that: (1) sets forth the balance in the inmate's account for the preceding six months, as certified by the institutional cashier; and (2) a statement that sets forth all other cash and items of value as owned by the inmate. The failure of Yates to comply with R.C. 2969.25(C) warrants dismissal of his complaint for a writ of mandamus. *Martin v. Woods*, 121 Ohio St.3d 609, 2009-Ohio-1928, 906 N.E.2d 1113.

{¶ 3} In addition, Yates has failed to comply with R.C. 2969.25(A), which requires the attachment of an affidavit to the complaint for a writ of mandamus that describes each civil action or appeal filed within the previous five years in any state or federal court. *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594;

*State ex rel. Alford v. Winters*, 80 Ohio St.3 285, 1997-Ohio-117, 685 N.E.2d 1242.

{¶ 4} Finally, Yates's request for a writ of mandamus is moot. Attached to the motion for summary judgment is a copy of a journal entry, as journalized on March 21, 2011, which demonstrates that a ruling has been rendered with regard to the motion for leave to file a delayed motion for new trial. Thus, Yates's request for a writ of mandamus is moot. *State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio St.3d 278, 1996-Ohio-117, 658 N.E.2d 723; *State ex rel. Gantt v. Coleman* (1983), 6 Ohio St.3d 5, 450 N.E.2d 1163.

{¶ 5} Accordingly, we grant Judge McDonnell's motion for summary judgment. Costs to Judge McDonnell. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).

Writ denied.


SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LARRY A. JONES, J., CONCUR