[Cite as *State ex rel. Poole v. Corrigan*, 2011-Ohio-3270.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96745**

---

## STATE OF OHIO, EX REL. LARRY POOLE,

RELATOR

vs.

## JUDGE BRIAN CORRIGAN

RESPONDENT

---

## JUDGMENT:
## WRIT DENIED

---

Writ of Mandamus
Motion No. 444889
Order No.   445668

**RELEASED DATE:**  June 28, 2011

**FOR RELATOR**

Larry Poole, pro se
Inmate #432-273
Lake Erie Correctional Institution
501 Thompson Road
Conneaut, Ohio 44030

**ATTORNEY FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By: James E. Moss
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Larry Poole, the relator, has filed a complaint for a writ of mandamus. Poole seeks an order from this court that requires Judge Brian Corrigan, the respondent, to render a ruling with regard to a motion to withdraw plea of guilty as filed on December 1, 2010, in the underlying criminal action of *State v. Poole*, Cuyahoga County Court of Common Pleas Case No. CR-418372. Judge Corrigan has filed a motion for summary judgment, which we grant for the following reasons.

{¶ 2} Initially, we find that Poole's complaint for a writ of mandamus is procedurally defective. Loc.App.R. 45(B)(1)(a) mandates that a complaint for

an extraordinary writ must be supported by a sworn affidavit that specifies the details of Poole's claim. The failure of Poole to comply with the supporting affidavit requirement of Loc.App.R. 45(B)(1)(a) requires the dismissal of the complaint for a writ of mandamus. *State ex rel. Smith v. McMonagle* (July 17, 1996), Cuyahoga App. No. 70899; *State ex rel. Wilson v. Calabrese* (Jan. 18, 1996), Cuyahoga App. No. 70077.

{¶ 3} Poole has also failed to comply with R.C. 2969.25(C), which requires that an inmate, who files a complaint against a government entity or government employee, must support the complaint with a statement that: (1) sets forth the balance in the inmate's account for the preceding six months, as certified by the institutional cashier; and (2) a statement that sets forth all other cash and items of value as owned by the inmate. The failure of Poole to comply with R.C. 2969.25(C) warrants dismissal of his complaint for a writ of mandamus. *Boles v. Knab,* Slip Opinion No. 2011-Ohio-2859; *Martin v. Woods*, 121 Ohio St.3d 609, 2009-Ohio-1928, 906 N.E.2d 1113.

{¶ 4} Finally, Poole's request for a writ of mandamus is moot. Attached to Judge Corrigan's motion for summary judgment is a copy of a judgment entry, as journalized on May 25, 2011, that demonstrates a ruling has been issued with regard to Poole's motion to withdraw plea of guilty. Thus, Poole has failed to establish that he is entitled to a writ of mandamus. *State v. Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio St.3d

278, 1996-Ohio-117, 658 N.E.2d 723; *State ex rel. Gantt v. Coleman* (1983), 6 Ohio St.3d 5, 450 N.E.2d 1163.

{¶ 5} Accordingly, we grant Judge Corrigan's motion for summary judgment. Costs to Poole. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).

Writ denied.


KATHLEEN ANN KEOUGH, JUDGE

PATRICIA ANN BLACKMON, P.J., and
MARY J. BOYLE, J., CONCUR