[Cite as *Stadmire v. Donnelly*, 2013-Ohio-2922.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99885**

---

## RICHARD L. STADMIRE, PRO SE

RELATOR

vs.

## JUDGE MICHAEL DONNELLY

RESPONDENT

---

**JUDGMENT:**
WRIT DENIED

---

Writ of Procedendo
Motion No. 465520
Order No. 465746

**RELEASE DATE:** July 2, 2013

**FOR RELATOR**

Richard L. Stadmire, pro se
Inmate No. 424-953
So. Ohio Correctional Facility
P.O. Box 45699
Lucasville, Ohio    45699

**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

MARY J. BOYLE, P.J.:

{¶1} Richard L. Stadmire has filed a complaint for a writ of procedendo. Stadmire seeks an order from this court that requires Judge Michael Donnelly to render a ruling with regard to a "motion to dismiss indictment(s)" as filed in *State v. Stadmire*, Cuyahoga C.P. No. CR-410305. Stadmire also seeks findings of facts and conclusions of law with regard to any ruling as rendered with regard to the motion to dismiss. For the following reasons, we decline to issue a writ of procedendo.

{¶2} Initially, we find that Stadmire's complaint for a writ of procedendo is procedurally defective. A complaint for a writ of procedendo must be brought in the name of the state of Ohio, on relation of the person applying for the writ, and include the addresses of the parties as required by Civ.R. 10(A). Herein, Stadmire has failed to properly caption his complaint for a writ of procedendo. The failure of Stadmire to properly caption his complaint warrants dismissal. *Rust v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766; *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962); *Simmons v. Saffold*, 8th Dist. No. 94619, 2010-Ohio-918; *Dunning v. Cleary*, 8th Dist. No. 78763, 2001 Ohio App. LEXIS 79 (Jan. 11, 2001).

{¶3} Stadmire has also failed to comply with Loc.App.R. 45(B)(1)(a), which mandates that the complaint must be supported by an affidavit that specifies the details of his claim. The failure of Stadmire to comply with the supporting affidavit requirement

of Loc.App.R. 45(B)(1)(a) requires dismissal of the complaint for a writ of procedendo. *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402; *State ex rel. Smith v. McMonagle*, 8th Dist. No. 70899 (July 17, 1996); *State ex rel. Wilson v. Calabrese*, 8th Dist. No. 70077, 1996 Ohio App. LEXIS 6213 (Jan. 18, 1996).

{¶4} Finally, Stadmire's request for a writ of procedendo is moot. Attached to Judge Donnelly's motion for summary judgment is a copy of a judgment entry, as journalized on May 21, 2013, which demonstrates that a ruling has been rendered with regard to Stadmire's motion to dismiss. *State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio St.3d 278, 658 N.E.2d 723 (1996); *State ex rel. Gantt v. Coleman*, 6 Ohio St.3d 5, 450 N.E.2d 1163 (1983). It must also be noted that Judge Donnelly possesses no duty to issue findings of fact and conclusions of law with regard to the denial of Stadmire's motion to dismiss. *Jefferson v. Russo*, 8th Dist. No. 90682, 2008-Ohio-135.

{¶5} Accordingly, we grant Judge Donnelly's motion for summary judgment. Costs to Judge Donnelly. Costs ordered waived. It is further ordered that the clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).

{¶6} Writ denied.

_____
MARY J. BOYLE, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
PATRICIA ANN BLACKMON, J., CONCUR