[Cite as *State ex rel. Adkins v. Dinovo*, 2015-Ohio-473.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO, ex rel. TRISTEN ADKINS

     Relator

-vs-

CINDY DINOVO, CLERK OF COURTS

     Respondent

|  |  |
|---|---|
| | Case No. 14 CAD 08 0052 |
| JUDGES: | |
| Hon. William B. Hoffman, P. J. | |
| Hon. Sheila G. Farmer, J. | |
| Hon. John W. Wise, J. | O P I N I O N |


CHARACTER OF PROCEEDING:     Petition for Writ of Mandamus


JUDGMENT:     Dismissed


DATE OF JUDGMENT ENTRY:     February 6, 2015


APPEARANCES:

For Relator

SAMUEL H. SHAMANSKY
DONALD L. REGENSBURGER
COLIN E. PETERS
523 South Third Street
Columbus, Ohio  43215

For Respondent

DARREN M. SHULMAN
ATTORNEY FOR CITY OF DELAWARE
1 South Sandusky Street
Delaware, Ohio  43015

*Wise, J.*

**{¶1}.** Relator, Tristen Adkins, was charged with several felonies in the Delaware Municipal Court. The judge in that court set bond in the amount of $50,000.00 which was able to be met by posting ten percent or cash or surety. On August 25, 2014, Relator's parents took $5,085.00 to the clerk of courts which represented ten percent of the $50,000.00 bond. The clerk, however, refused to accept the deposit. According to Relator, the clerk refused to accept the money because Relator's parents did not satisfy additional financial requirements for the remaining $45,000.00.

**{¶2}.** Relator has filed a Petition for Writ of Mandamus requesting this Court order Respondent to accept the deposit offered by Relator's parents. Respondent has filed a motion to dismiss arguing the petition is now moot.

**{¶3}.** On August 29, 2014, Relator was indicted by the grand jury. On that same date, the State moved to dismiss the municipal court case because the jurisdiction of the common pleas court was invoked by the filing of the indictment. The Delaware Municipal Court case was dismissed on August 29, 2014.

**{¶4}.** Because the municipal case was dismissed after the instant petition was filed, this case has become moot. "[A] writ [of mandamus] will not lie in order to secure a determination of issues which have become moot pending consideration by the court of appeals. *State, ex rel. Hawke v. Weygandt* (1947), 148 Ohio St. 453, 456, 75 N.E.2d 691 [36 O.O. 88]. *See, also, State, ex rel. Warner & Swasey Co., v. Indus. Comm.* (1977), 50 Ohio St.2d 152, 363 N.E.2d 736 [4 O.O.3d 346]." *State ex rel. Gantt v. Coleman*, 6 Ohio St. 3d 5, 5, 450 N.E.2d 1163, 1164 (1983).

**{¶5}.** Respondent no longer has the ability to accept the offered deposit because a pending case does not exist in Respondent's court. We further note Relator has posted bond in the common pleas court case also making this petition moot. For these reasons, the motion to dismiss the petition as moot is granted.

By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.

JWW/ 0121