[Cite as *Bey v. State*, 2017-Ohio-404.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Michael Roscoe Doles Bey

     Appellant

v.

State of Ohio, Bureau of Motor Vehicles

     Appellee

Court of Appeals No. L-16-1088

Trial Court No. CI0201601250

**DECISION AND JUDGMENT**

Decided: February 3, 2017

* * * * *

Michael Roscoe Doles Bey, pro se.

Michael Dewine, Ohio Attorney General, Christie Limbert and Trista M. Turley, Assistant Attorneys General, for appellee.

* * * * *

**SINGER, J.**

{¶ 1} We sua sponte place this appeal on the accelerated calendar pursuant to 6th

Dist.Loc.App.R. 12(A). *See* App.R. 11.1(E).

## Introduction

{¶ 2} Appellant, Michael Roscoe Doles Bey, appeals the March 31, 2016 judgment of the Lucas County Court of Common Pleas dismissing his claim against appellee, the Ohio Department of Public Safety, Bureau of Motor Vehicles ("BMV"). Finding the matter moot, we affirm.

## Assignments of Error

{¶ 3} Appellant sets forth the following statements as his assignments of error:

1. Failure to Comply with R.C. 2731.04

R.C. 2731 requires that an application for a writ of mandamus "must be by petition, in the name of the state of the relation of the person applying, and verified by affidavit." See Trial Court's Order and Judgment Entry, Page 2; ¶ 4.

2. Matter is Moot

The Court cannot compel the BMV to issue a driver's license that it has already issued. See Trial Court's Order and Judgment Entry, Page 3; ¶ 3.

3. Failure to State a Claim

"A claim may dismissed, pursuant to Civ. R, 12 (B)(6), for failure to state a claim upon which relief can be granted." See Trial Court's Order and Judgment Entry, Page 4; ¶ 2.

4. No "justiciable controversy" exists when the action has been rendered moot by subsequent developments. Therefore, he (Doles) no longer has "standing". See Trial Court's: Order and Judgment Entry, Page 6; ¶ 2.

2.

5. Doles's claim is no longer justiciable because he received a driver's license with the name "Bey" included on it. See Trial Court's Order and Judgment Entry, Page 6; ¶ 2.

**Factual Background**

**{¶ 4}** Appellant is a practicing member of The Moorish Science Temple of America, Inc. The Moorish Temple is lawfully chartered as an incorporated organization and religious corporation under the laws of the state of Illinois.

**{¶ 5}** Appellant, as a member of the Moorish Temple, affixes "Bey" at the end of his birth name to demonstrate his religious birthright. According to appellant, affixing "Bey" or "El" manifests the custom, tradition and culture of his Moorish forefathers.

**{¶ 6}** On January 12, 2016, appellant attempted to renew his driver's license with appellee, the Ohio BMV. The BMV office denied his renewal application because "Bey" had not been lawfully recognized as appellant's surname. Appellant had a social security card, but it did not reflect "Bey" because appellant had not yet applied for it.

**{¶ 7}** Appellant attempted to renew his license at three other BMV offices within Lucas County. After the unsuccessful attempts, appellant was told he had six months to resolve the issue by seeking a court-ordered name change. Appellant found this request to be against his religion because, according to Moorish Temple tenants, he did not change his name to "Bey," but merely corrected it through proclaiming that which he believes he always was: a person of Moorish decent returning to the "Ancient Creed and Principles."

3.

{¶ 8} On January 25, 2016, appellant filed a complaint seeking a writ of mandamus to compel the BMV to issue his license with the name "Bey" affixed. Attached to the complaint was appellant's birth certificate, Moorish documents, a copy of appellant's previous license which reflected the name "Bey,"and an application for a social security card which also reflected the name "Bey."

{¶ 9} Appellant's driver's license was renewed on February 22, 2016. Appellant did not have to seek a name change, and the license renewal seemed arbitrarily granted.

{¶ 10} On February 24, 2016, appellee moved the court to dismiss the complaint on grounds that the writ was incorrectly captioned, appellant failed to state a claim, and that the matter was moot because appellant already received his driver's license as requested.

{¶ 11} In response to the motion, appellant broadened his sought redress to include a general attack against the BMV, thereby requesting that the court accept his complaint as a "form of a class action." Specifically, appellant sought a "class action judgment to all governmental agencies representing the Great State of Ohio to cease and desist all practices that undermines and impedes (sic) the free exercise of nationality and religious freedom by the members of the Moorish Science Temple of America, Inc. residing in the Great State of Ohio."

{¶ 12} On March 31, 2016, the trial court dismissed appellant's complaint because, among others, the driver's license issue was deemed moot. Appellant timely appeals from this judgment.

4.

**Law**

{¶ 13} R.C. 2731.01 states that, "[m]andamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

{¶ 14} The writ is extraordinary and, therefore, is only available where the court finds that the relator "has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law." *State ex rel. Westchester Estates, Inc. v. Bacon*, 61 Ohio St.2d 42, 399 N.E.2d 81 (1980), paragraph one of syllabus.

**Analysis**

{¶ 15} Appellant argues the trial court erred in finding the matter moot because, although he received his driver's license, the BMV still has unconstitutional practices and policies. Appellee contends dismissal was appropriate because appellant has already received his driver's license reflecting "Bey" as requested.

{¶ 16} "A writ of mandamus will not issue to compel an act already performed." *Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio St.3d 278, 279, 658 N.E.2d 723 (1996). "Stated otherwise, the writ will not lie in order to secure a determination of issues which have become moot [.]" *State ex rel. Gantt v. Coleman*, 6 Ohio St.3d 5, 5, 450 N.E.2d 1163 (1983).

5.

**{¶ 17}** Here, appellant received his driver's license on February 22, 2016. Because the license was issued during the pendency of his petition for mandamus, the trial court did not err in finding he no longer had a justiciable claim against the BMV.

**{¶ 18}** Accordingly, it was not error to deny the extraordinary writ and on this basis alone mandamus will not issue. We find appellant's assignment of error not well taken.

## Conclusion

**{¶ 19}** For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay costs pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.
_____
              JUDGE

Thomas J. Osowik, J.

              _____

James D. Jensen, P. J.
              JUDGE
CONCUR.

              _____
              JUDGE

6.