[Cite as *State v. Patterson*, 2023-Ohio-4596.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

       Respondent,

- vs -

LUKE D. PATTERSON,

       Relator.

CASE NO. 2023-T-0059

Original Action for Writ of Mandamus

---

**P E R   C U R I A M**
**O P I N I O N**

Decided: December 18, 2023
Judgment: Petition dismissed

---

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Respondent).

*Luke D. Patterson*, pro se, Reg. No. 60459-060, FCI Gilmer Federal Correctional Institution, P.O. Box 6000, Glenville, WV 26351 (Relator).

PER CURIAM.

{¶1} Before this court is relator, Luke D. Patterson's, Petition for Mandamus. The State of Ohio has filed a Motion to Dismiss, pursuant to Civ.R. 12(B)(6), claiming that Patterson can prove no set of facts entitling him to relief. For the following reasons, Patterson's Petition for Mandamus is dismissed.

{¶2} On August 17, 2023, Patterson filed his Petition for Mandamus. Patterson alleges that after pleading guilty to offenses of Aggravated Robbery and firearm specifications in an amended indictment in Trumbull County Court of Common Pleas

Case No. 2001 CR 00001 and serving a prison term, he was subsequently charged federally for being a felon in possession of a firearm and "was sentenced to 15 years mandatory minimum due to the 3 counts listed on his ORIGINAL indictment" in Case No 2001 CR 00001. He contends that his federal charges were impacted by the failure to document that there was an amended indictment in Case No. 2001 CR 00001.

{¶3} Patterson filed a "Writ of Error Coram Nobis" on June 9, 2022, in the Trumbull County Court of Common Pleas, requesting the court to "remove from the record or seal the document case number [2001 CR 00001], due to the civil disability that said case has caused." Patterson argues that "it is the duty of the State of Ohio, after learning of this disability to grant relief, to resolve this matter due to the fact of the lower court's error in properly filing documentation." He requests that this court "grant this petition and ORDER that the Common Pleas Court for Trumbull County expedite its decision" and grant his "Writ of Error Coram Nobis."

{¶4} The State of Ohio filed a Motion to Dismiss, in which it argues that the lower court ruled on Patterson's motion and, thus, no relief is warranted.

{¶5} "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. "To be entitled to a writ of mandamus, the relator must be able to prove that: (1) he has a clear legal right to have a specific act performed by a public official; (2) the public official has a clear legal duty to perform that act; and (3) there is no legal remedy that could be pursued to adequately resolve the matter." *State ex rel. Vance v. Kontos*, 11th Dist. Trumbull No. 2014-T-0078, 2014-Ohio-5080, ¶ 9.

2

{¶6} As an initial matter, we observe that the State of Ohio has been identified as the respondent in this action. Although arguing that the State should "resolve this matter," it appears Patterson is actually seeking a writ ordering action by the Trumbull County Court of Common Pleas, which is the entity with the authority to seal or remove documents from its record and to rule on the "Writ of Error Coram Nobis."

{¶7} To the extent that Patterson seeks an order for the lower court to "expedite its decision," we observe that the trial court issued an August 18, 2023 Judgment Entry denying his "Writ of Error Coram Nobis." "[I]f the trial judge has already performed the particular act which the relator seeks to compel, the merits of the mandamus claim will be considered moot and the entire action will be subject to dismissal." *State ex rel. Verbanik v. Girard Mun. Court Judge Bernard,* 11th Dist. Trumbull No. 2006-T-0080, 2007-Ohio-1786, ¶ 7; *State ex rel. Gantt v. Coleman,* 6 Ohio St.3d 5, 450 N.E.2d 1163 (1983) (a writ of mandamus "will not issue to compel a public official to perform a legal duty which has been completed") (citations omitted).

{¶8} Patterson also requested as relief that this court order the lower court to grant his "Writ of Error" and contends in his response to the motion to dismiss that the Writ was improperly denied. However, this court "cannot grant a writ of mandamus ordering the lower court to either rule in a certain manner or to grant relator's motions." *Clough v. Lawson*, 11th Dist. Lake No. 2012-L-118, 2012-Ohio-5831, ¶ 9. A writ of mandamus "cannot be used as a means of mandating a trial judge's holding on a particular matter; that is, while the writ will lie to require a judge to dispose of a pending motion, it will not lie to require a specific ruling." *Verbanik* at ¶ 6 ("although the writ can be employed to force a judge to go forward and exercise his discretion, it cannot be

3

used to actually control the judge's discretion").

{¶9} We observe that, on the final page of his September 11, 2023 Response to the Motion to Dismiss, Patterson included a "Notice of Appeal," stating that he appeals from the trial court's August 18, 2023 entry. This "Notice" was not separately time stamped or docketed. In order to properly appeal from a trial court judgment, a party must comply with App.R. 3 and Loc.App.R. 3. App.R. 3(A) requires that an appeal be instituted by "filing a notice of appeal with the clerk of the trial court." Patterson did not file the "Notice" with the trial court but instead in the court of appeals attached to his response. "A notice of appeal that is only filed in [the] appellate court does not invoke our jurisdiction." *State v. Armstrong*, 2d Dist. Montgomery No. 29084, 2021-Ohio-3530, ¶ 3. Further, Loc.App.R. 3(B)(1) requires an appellant to pay a cost deposit or file an affidavit of inability to secure costs by prepayment. There is no indication that Patterson paid a deposit or filed an affidavit for waiver of prepayment as required to initiate an appeal. Patterson's "Notice of Appeal" was not properly filed and is not recognized as instituting an appeal before this court.

{¶10} For the foregoing reasons, the respondent's Motion to Dismiss is granted and the Petition for Mandamus is dismissed.


JOHN J. EKLUND, P.J., MATT LYNCH, J., EUGENE A. LUCCI, J., concur.

Case No. 2023-T-0059